378 So.2d 322 (1980)
Howard W. HESSINGER, Appellant,
v.
Carolyn F. HESSINGER, Appellee.
No. 79-1015.
District Court of Appeal of Florida, Second District.
January 4, 1980.
Lee E. Haworth of Isphording, Payne, Korp & Muirhead, P.A., Sarasota, for appellant.
Dennis S. Silver of Swisher, Voight, Parker & Silver, P.A., Sarasota, for appellee.
RYDER, Judge.
Howard Hessinger appeals from the terms of a final judgment of dissolution, alleging that the court erred in awarding Carolyn Hessinger an interest in real property owned solely by appellant through devise from his deceased parents. We agree and reverse that portion of the order.
*323 The undisputed facts below include that the marital home was titled in the name of appellant, was unencumbered, and was acquired through the testamentary devise of his deceased parents in 1976. Appellee testified that the parties had a joint checking account from which monies were taken for repairs and maintenance of the house. Appellee testified that only her earnings were placed in the joint account used for maintenance of the house. The annual earnings of appellee for the last seven years were between approximately $11,000.00 and $14,000.00. Appellant earned between $1,000.00 and $3,000.00 per year during that period. Appellant testified that during the marriage, he performed domestic chores and took care of the children. He also testified that he now has obtained employment paying $11,600.00 per year.
Among the findings at issue, the court found that appellee had "a special equity in the former marital home of the parties by reason of the maintenance and repairs of the former marital home for which she paid from her separate funds." The court also found that appellee had "special equities since she has been the principal wage earner of the family unit during much of the thirteen years of the marriage." The court directed appellant to convey to appellee a one-half interest in the property, "based on her special equity and on her special equities." The court further granted appellee use and occupancy of the home until majority of the youngest child, and provided that the parties be equally responsible for maintenance, repairs, insurance and taxes on the property.
An award of lump sum alimony is unsupported where, in light of substantially equal income of the parties prior to separation, there is no positive showing of necessity on the wife's part. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). The lump sum alimony award below is likewise unsupported where appellee wife had a substantially larger income than the appellant prior to separation. Appellee failed to show any need for lump sum alimony, and a theory of lump sum alimony cannot here support the order awarding her an interest in the house.
A special equity is created by an unrebutted showing that consideration for property was supplied by one spouse from a source unconnected with the marital relationship. Ball v. Ball, 335 So.2d 5 (Fla. 1976). Ordinarily, a special equity will not arise when the property is acquired through funds generated by one working spouse, while the other performs normal household duties. Id. at 7, n. 7. We hold that under the facts below, appellee's earnings during the marriage are not from a source unconnected with the marital relationship. The subsequent payments from a joint account thus create no special equity on the part of the wife, and the unsupported finding of special equity will not permit award of an interest in the real property.
No support for the challenged award remains, and we reverse that portion of the final judgment of dissolution directing appellant to convey to appellee an undivided one-half interest in the former marital home. We affirm the remainder of the final judgment, specifically including the provision that appellee have use and possession of the former marital home until majority of the youngest minor child, and the provision that appellant be equally responsible for costs of maintenance, repair, insurance and taxes on the home. We hold it to be implicit in this result that appellant may not encumber the home property in any way during appellee's exclusive possession without consent of appellee or the court below.
REVERSED in part; AFFIRMED in part.
GRIMES, C.J., and SCHEB, J., concur.