PER CURIAM.
This is an appeal by the husband from a final judgment of dissolution awarding the wife the marital domicile as lump sum alimony.
*1022 The parties were married on December 19, 1975. The marital domicile was purchased twenty-three months later with funds that came exclusively from an inheritance of the husband. After only two months, the wife went to Tampa, Florida. She returned four months later and, by virtue of a temporary order, was granted exclusive possession of the marital domicile. It is undisputed that since that time she has improved the property and made the mortgage payments.
A lump sum award in a marriage of this duration and under these facts is wholly inappropriate. Yandell v. Yandell, 39 So.2d 554 (Fla.1949); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Ball v. Ball, 335 So.2d 5 (Fla.1976); Hessinger v. Hessinger, 378 So.2d 322 (Fla. 2d DCA 1980).
The order of the trial court is reversed and remanded with directions to restore to the husband his interest in the jointly-held property. On remand, wife will be entitled to a set-off for mortgage payments and improvements made by her. Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976); Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975).
Since wife has now remarried, there is no issue of rehabilitative alimony presented.
Reversed and remanded with directions.