PER CURIAM.
This is an appeal and cross appeal from a final judgment of marriage dissolution. The wife Jacqueline Moore urges as her sole point on appeal that the trial court abused its discretion in making the following award to her:
“The [respondent [wife] is hereby awarded lump sum alimony of $55,000, which amount this [c]ourt finds to be equal to one-half of the equity in the [marital] house. This amount shall be paid to the [Respondent [wife] by the [p]etitioner [husband], so long as [Respondent is alive, in equal monthly installments over a period of seven (7) years beginning February 1, 1986.”
The wife claims that she was shortchanged by this provision and seeks a reversal for a more generous award. We cannot agree. On the contrary, we agree with the husband Joseph Moore on his cross appeal that this award should be stricken as the trial court abused its discretion in making any award whatever to the wife of a cash equivalent portion of the marital home. We reach this result for three reasons.
First, the marital home was not a marital asset inasmuch as the husband purchased the said home prior to the marriage, and the home was and still is titled solely in the husband’s name. Second, the wife’s contribution toward the mortgage payments on the home during the marriage did not entitle the wife, as urged, to an equitable distribution of the home as the payments represented no more than her fair contribution to the joint living expenses of the parties. Third, the wife makes no special showing that she is in financial need of a lump sum or periodic alimony award as, without dispute, she and the husband earn approximately the same income and own approximately the same assets, aside from the home. See Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980); Cummings v. Cummings, 330 So.2d 134, 136 (Fla.1976); Rosen v. Rosen, 386 So.2d 1268, 1271 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1378 (Fla.1981); Hessinger v. Hessinger, 378 So.2d 322, 323 (Fla. 1st DCA 1980).
The final judgment is affirmed on the main appeal; the final judgment is reversed on the cross appeal and the cause is remanded to the trial court with directions to strike the above-stated lump sum alimony award to the wife.
Affirmed in part; reversed in part and remanded.