522 So.2d 75 (1988)
Elizabeth I. ROY, Appellant/Cross Appellee,
v.
Robert C. ROY, Jr., Appellee/Cross Appellant.
No. 87-0491.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
Rehearing and Rehearing Denied April 4, 1988.
*76 James P. O'Flarity of Law, Offices of James P. O'Flarity, P.A., West Palm Beach, for appellant/cross appellee.
Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee/cross appellant.
Rehearing and Rehearing En Banc Denied April 4, 1988.
WALDEN, Judge.
This is an appeal from a final judgment of dissolution of marriage.
Only one point merits discussion and reversal. The trial court erred in providing that, "The court specifically reserves jurisdiction to make an award of alimony to the wife in the future should it become warranted." We deem this error because there is no basis in the record which supports such a provision.
The question of whether to reserve jurisdiction to award alimony in the future lies within the court's discretion. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983); Chayka v. Chayka, 361 So.2d 430 (Fla. 4th DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1979); Hyatt v. Hyatt, 315 So.2d 11 (Fla. 3d DCA 1975). As we understand it, the rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction, Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983). Otherwise, the court should not retain jurisdiction. In other words, there must presently appear in the record foreseeable circumstances to take place in the future as would at that time support an award of alimony.
The criteria governing an award of alimony are well known. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Here, the governing circumstances of the parties are virtually the same in all material respects and there is no basis for preferring one spouse over the other as concerns alimony. See Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985); Moore v. Moore, 490 So.2d 1342 (Fla. 3d DCA 1986).
We reverse the provision in the judgment which reserves jurisdiction to award alimony to the wife in the future. In all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
DELL and STONE, JJ., concur.