601 So.2d 632 (1992)
Margaret Kay BURDICK, Appellant/Cross Appellee,
v.
Burton E. BURDICK, Burton E. Burdick, P.A., a Florida Corporation, Claudia Burdick Fields, and Bebco, Appellees/Cross Appellants.
No. 90-1805.
District Court of Appeal of Florida, Fourth District.
July 1, 1992.
*633 H.T. Maloney and Ana I. Gardiner of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellant/cross appellee.
Burton E. Burdick of Burton E. Burdick, P.A., Fort Lauderdale, for appellees/cross appellants.
PER CURIAM.
Margaret Burdick appeals from a final judgment of dissolution of marriage. Burton Burdick, her former husband, cross appeals from the trial court's attorney's fee award. The former husband's daughter from a prior marriage, Claudia Fields, joins as a cross appellant and appeals from a portion of the final judgment that placed a lien against certain property she owns jointly with the former husband. We affirm in part, reverse in part and remand.
The parties were married for nineteen years and had two children. At the final hearing, one child had reached majority and the other was almost eighteen years of age. The former wife is forty-six years old and the former husband, sixty-seven. During the marriage, the wife worked full-time as a legal secretary in the husband's law office. Shortly before the parties' separation, however, the wife went to work for another attorney. It is undisputed in the record that the wife never earned more than $500.00 per week as a legal secretary. It is also undisputed that the wife suffers from lupus, a degenerative disease.
The husband is an attorney in Broward County who practiced as a partner in a law firm for many years until 1982, when he began a solo practice. The record shows that the husband had some very lucrative years in practice and that the years of 1988 and 1989 were no exception. The wife admits that she received a portion of the fees the husband collected as part of equitable distribution. In August 1989, the husband discovered that his secretary/bookkeeper had forged his signature on numerous checks on his professional association's account which resulted in a loss to the P.A. of $200,000.00 plus. At the time of final hearing the P.A. had obligations of approximately $80,955.00 and the husband moved to a smaller, less expensive office as a result. It is not disputed that the husband has suffered from high blood pressure for the past several years and that he currently suffers from periodic anxiety and depression.
*634 The wife argues that the trial court abused its discretion when it denied her prayer for an award of permanent alimony of $1.00 per year and failed to reserve jurisdiction to modify the alimony in the future. She contends that her medical condition creates the likelihood that there will be a change in circumstances in the future which will necessitate an increase in her alimony. Had the trial court opted to reserve jurisdiction to modify the alimony award in the future, we would have had no difficulty affirming such a decision. Nevertheless, the question of whether to reserve jurisdiction in the final judgment lies within the trial court's sound discretion. Roy v. Roy, 522 So.2d 75 (Fla. 4th DCA 1988). Reasonable persons could differ as to the propriety of the court's action. We hold that the court did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
The wife next contends that the trial court abused its discretion when it granted the husband's modification of an agreed temporary support order and discharged the husband's alimony arrearages. We hold that the trial court acted within its discretion when it modified the temporary support order; however, we agree with appellant that the trial court erred when it effectively discharged the husband's support arrearages, if any, which accumulated prior to his filing of the petition for modification. Thus, we reverse this portion of the final judgment and remand with directions to the court to reconsider the issue and to order payment of any arrearages consistent with this opinion. If the husband has difficulty meeting these obligations, the court may order payments in installments or otherwise structure the manner of payment to facilitate the husband's compliance with said order. See Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977).
The husband cross appeals the trial court's award of attorney's fees to the wife, as well as the court's order that he pay for the transcript on appeal. We affirm the court's award, finding no abuse of discretion.
We find merit in Claudia Field's argument that the trial court erred when it ordered in the final judgment of dissolution that a lien be placed on the nursery school property. We find no authority, statutory or otherwise, for the imposition of a lien on this particular piece of property at the time of the final judgment.
Accordingly, we affirm the points on the wife's appeal, with the exception of the one regarding alimony arrearages, which we remand for reconsideration; we affirm the award of attorney's fees and costs to the wife and reverse the trial court's imposition of a lien on the nursery school property. The final judgment is affirmed in all other respects.
WARNER, POLEN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.