842 So.2d 983 (2003)
Alma Lillian BRIDGES, Appellant,
v.
Joel Robert BRIDGES, Sr., Appellee.
No. 1D02-2141.
District Court of Appeal of Florida, First District.
April 15, 2003.
Allison E. Folds, Esquire of Folds & Walker, Gainesville, for Appellant.
Kathleen C. Fox, Esquire of Kathleen C. Fox, P.A., Alachua, for Appellee.
HAWKES, J.
Appellant (the former wife) appeals the termination of her permanent alimony award of $1,800.00 per month. Appellant argues there was insufficient evidence on which the trial court could find a significant change in circumstances justifying the termination of alimony. We modify the judgment to award alimony in the amount of $1.00 per month. We affirm in all other respects.

*984 I
The original final judgment of dissolution of marriage entered on June 7, 1985, ended the parties' marriage of twenty years and, at issue in this case, awarded Appellant $1,800.00 per month as permanent alimony until she remarried or died. Appellee (the former husband) filed a supplemental complaint for termination or modification of alimony, alleging Appellant was cohabitating with Mr. Thomas Barker in a "de facto" marriage arrangement. Although not legally married, in August of 1992, Appellant and Barker participated in a ceremony in which they exchanged vows and rings. At the conclusion of the ceremony, the couple was presented as "partners in life."
The trial court found cohabitation, and that Appellant and Barker provided financial support to each other. The trial court also considered Appellant's current needs, the resources available to Appellant, and the resources Barker had available for Appellant's support.

II
Appellant argues, and we agree, that Florida law does not recognize "de facto remarriage" as a basis for terminating court ordered alimony. See DePoorter v. DePoorter, 509 So.2d 1141, 1144 (Fla. 1st DCA 1987). However, unmarried cohabitation raises a presumption of changed circumstances. Id. For cohabitation to be sufficient to warrant a finding of changed circumstances, the court must consider whether either of two factors is present: whether the cohabitant provides support to the recipient spouse, or whether the recipient spouse contributes to the support of the cohabitant. Id. at 1145; Maclaren v. Maclaren, 616 So.2d 104, 106 (Fla. 1st DCA 1993).
At least in the First District, this presumption means that once the party seeking modification establishes cohabitation and shows support to or from the cohabitant, a significant change in circumstances is established, and the burden of proof shifts to the recipient spouse to show continued need. See Lee v. Lee, 544 So.2d 1083, 1088 (Fla. 1st DCA 1989). The burden of proof shifts because evidence of the recipient spouse's economic situation "is peculiarly within his or her knowledge and may not be readily available to the payor spouse." Id. (citations omitted).
Contrary to Appellant's allegations of increased need, the trial court found the evidence showed decreased expenses, that Appellant had significant individual resources, and that Barker was willing and able to support Appellant. The trial court concluded Appellant failed to meet her burden of proof to show continued need for alimony.

III
We conclude the trial court's findings of fact were supported by competent, substantial evidence. However, "[t]he voluntary contribution of a live-in companion cannot be equated with the legal obligation of a [spouse or] former spouse...." Long v. Long, 622 So.2d 622, 624 (Fla. 2d DCA 1993). Therefore, an award of nominal alimony should have been made to protect Appellant's interests should she experience a significant change in circumstances. See Blanchard v. Blanchard, 793 So.2d 989 (Fla. 2nd DCA 2001); Ellis v. Ellis, 699 So.2d 280 (Fla. 5th DCA 1997).
AFFIRMED AS MODIFIED.
ALLEN, C.J. and BENTON, J., concur.