KLEIN, J.
Appellant raises two issues involving the judgment dissolving his marriage. We affirm the first issue, involving the admission of evidence, because, in the absence of a transcript of the final hearing, appellant is unable to demonstrate prejudicial error.
The second issue involves appellant’s attempt to address the problem created by the lack of a transcript through Florida Rule of Appellate Procedure 9.200(b)(4), which provides:
If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
Appellant prepared a statement of evidence which he submitted to appellee for her approval, but she did not respond. Appellant then moved the court to approve his statement of the evidence, but after a hearing attended by both parties, in which the appellee did not agree, the court denied the motion, leaving appellant with no record.
Appellant argues that 9.200(b)(4) requires the court to approve a statement of the evidence for proceedings; however, we disagree. In this case, as will often be the case, the appellant’s motion for the court to approve the statement of the evidence was filed months after the case was tried. Expecting a trial judge to confirm the details of a trial, months and numerous other intervening trials later, where the parties do not agree, is not realistic.
Rule 9.200(b)(4), by its terms can be used where there was no court reporter in attendance, or there was a court reporter but the transcript cannot be obtained. The rule is of little practical use in the former situation, because a prevailing party at a trial which was not reported has no incentive to cooperate and therefore make it easier for the nonprevailing party to appeal. That is precisely what happened in this case. If a trial judge is able to approve a unilateral statement, the judge should do so, but the rule does not require it. Affirmed.
MAY, J., and HOROWITZ, ALFRED J., Associate Judge, concur.