913 So.2d 684 (2005)
Marina ESTEVA, Appellant,
v.
Miguel Angel RODRIGUEZ, Appellee.
No. 3D04-2398.
District Court of Appeal of Florida, Third District.
September 28, 2005.
Rehearing Denied November 8, 2005.
*685 John G. Crabtree, Key Biscayne, for appellant.
Perez-Abreu & Martin-Lavielle and Andy W. Acosta and Javier Perez-Abreu, Coral Gables, for appellee.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.
WELLS, Judge.
Marina Esteva appeals from that portion of a final judgment of dissolution of marriage denying an award of nominal, permanent alimony, claiming that the trial court erroneously believed that such an award was precluded as a matter of law. Because we cannot discern from the record or the final judgment whether denial of the award was predicated on an exercise of discretion or on a mistaken view of the law, we reverse as to this issue, and remand for the trial judge to exercise her discretion in determining whether nominal, permanent alimony should be granted.
The parties were married for sixteen years and have one son who has now attained majority. The former wife is a long-time school teacher currently earning approximately $71,000 a year, plus benefits. Although she was diagnosed with fibromyalgia in 1996, she has continued to work full time without interruption.
The former husband, the former wife's junior by nine years, was an insurance salesman with few assets when the couple married. During the marriage, the former husband, with a number of partners, was able to form several insurance related businesses which, in recent years, generated between $78,000 and $100,000 in annual income for the former husband. As a consequence of both parties' earnings and efforts, the parties were able to accumulate a marital estate valued at almost $1 million.
The former wife sought an award of permanent periodic alimony. The trial judge questioned whether an award of nominal permanent periodic alimony, that would be subject to modification in the future should her medical condition worsen, might be appropriate. The former husband opposed this, arguing that the wife's income adequately covered her needs and that no such award was appropriate where there was no evidence that such an award would be necessary in the foreseeable future. At the end of the proceedings, the trial court indicated a desire to award nominal alimony because of the wife's medical condition but expressed a belief that such an award was legally impermissible:
We have a woman who is in her mid 50's who has various infirmities which allow her this minute as we sit here to work. She's seven years older than her husband. That's a long-term marriage. They've had a nice lifestyle. It's not a super affluent lifestyle, but it's a comfortable lifestyle that enabled Rolex watches, diamonds rings, fine antique jewelry, tacking personal vacation time onto convention trips, private school for their child from day one, so we can describe thisthey lived in that gracious homeyou can describe this lifestyle not as affluent, but certainly comfortable.
She sits in the position in my judgment because of her medical condition of being royally shafted, and I'm being very blunt, and that's my concern in this case, and so what I want to see is if the law allows me to protect that, and there's hard ball being played here and I'm very much aware of it. I'm very much aware of it.
The trial court thereafter divided the parties' assets and liabilities and denied the *686 nominal alimony request without explanation.
In Roy v. Roy, 522 So.2d 75, 76 (Fla. 4th DCA 1988), the court observed:
the rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction, Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983). Otherwise, the court should not retain jurisdiction. In other words, there must presently appear in the record foreseeable circumstances to take place in the future as would at that time support an award of alimony.
In Burdick v. Burdick, 601 So.2d 632 (Fla. 4th DCA 1992), the court affirmed an order denying nominal alimony to a wife who suffered from lupus, a degenerative disease, observing:
The wife argues that the trial court abused its discretion when it denied her prayer for an award of permanent alimony of $1.00 per year and failed to reserve jurisdiction to modify the alimony in the future. She contends that her medical condition creates the likelihood that there will be a change in circumstances in the future which will necessitate an increase in her alimony. Had the trial court opted to reserve jurisdiction to modify the alimony award in the future, we would have had no difficulty affirming such a decision. Nevertheless, the question of whether to reserve jurisdiction in the final judgment lies within the trial court's sound discretion. Roy v. Roy, 522 So.2d 75 (Fla. 4th DCA 1988). Reasonable persons could differ as to the propriety of the court's action. We hold that the court did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Burdick, 601 So.2d at 634 (emphasis added).
In the instant case, the trial court found that the former wife had "several debilitating health problems" that were "long standing and chronic." As Burdick confirms, while these facts may have been sufficient to support a nominal, permanent alimony award (effectively reserving jurisdiction for future modifications), they do not mandate such an award. See § 61.14, Fla. Stat. (2004) (authorizing modification of alimony payments upon changes in circumstances or financial ability of either party); Davis v. Davis, 691 So.2d 626, 628 (Fla. 5th DCA 1997)(remanding for consideration of "a nominal award of permanent periodic alimony that is capable of being modified" where the wife had a history of cancer and the court was concerned about the wife's ability to pay possible future medical expenses); see also Bridges v. Bridges, 842 So.2d 983, 984 (Fla. 1st DCA 2003) (concluding that it is appropriate to make a nominal alimony award to protect a former spouse's interests should that spouse experience a significant change in circumstances). The problem here is that the record suggests that the court did not believe that it had the legal authority to make a nominal alimony award. Thus denial of the former wife's alimony request may be predicated on an error of law rather than on an appropriate exercise of discretion. That is the difference between this case and Burdick, and why we reverse for the court's consideration of this issue.
Accordingly, we reverse that part of the final judgment denying the former wife's request for alimony and remand for the trial court either to exercise its discretion, if it has not already done so, in light of the legal principles acknowledged herein or to reconfirm its decision if it has already done *687 so. The remainder of the final judgment is affirmed.