997 So.2d 451 (2008)
Tracy Lynne SCHMIDT n/k/a Tracy Lynne Syanovitz, Appellant,
v.
Drew D. SCHMIDT, Appellee.
No. 2D07-2178.
District Court of Appeal of Florida, Second District.
December 10, 2008.
Toni A. Butler of Toni A. Butler, P.A., Naples, for Appellant.
Drew D. Schmidt, pro se.
VILLANTI, Judge.
Tracy Lynne Schmidt, the Wife, appeals various aspects of the final judgment of dissolution of her marriage to Drew D. Schmidt, the Husband. We affirm the judgment in all respects except as to the issue of the award of permanent periodic alimony. On that sole issue, we reverse and remand for further proceedings.
Our review of this case is severely hampered by the lack of a transcript of the dissolution hearing. Both parties agree that no court reporter was present at the hearing. In an effort to provide this court with an adequate record, the Wife attempted to obtain an approved statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). That section provides,
(4) If no report of the proceedings was made, or if the transcript is unavailable, *452 the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
Fla. R.App. P. 9.200(b) (emphasis added).
Pursuant to this rule, the Wife prepared a statement of the evidence. However, the Husband objected to the Wife's statement and filed proposed amendments to it. The Wife's statement, the Husband's objections, and the Husband's proposed amendments were submitted to the trial court for settlement and approval. Upon review of these proposed statements, the trial court noted that the case had been tried on two separate days approximately a year earlier. The trial court then stated,
I have read the statements of evidence filed by both parties. Neither statement appears, based on my recollection, to contain any misstatement of any events or testimony that occurred during the trial. Because of the length of the trial and the number of issues, I am unable to confirm that the statements fairly cover all the evidence presented on any relevant issues now on appeal.
Thus, the trial court did not settle and approve either party's statement of the evidence.
The Fifth District faced a similar situation in Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). In that case, the trial court could not approve either of the parties' statements of the evidence due to the passage of time. Id. at 178. The Fifth District held that a statement of evidence under rule 9.200(b)(3), now rule 9.200(b)(4), could be substituted for a transcript only when the statement had been approved by the trial court. Id. Because the trial court had not approved either party's statement of the evidence, the Fifth District held that the statement did "not constitute a complete and adequate record for appellate review." Id.; see also Marshall v. Marshall, 953 So.2d 23, 25 n. 1 (Fla. 5th DCA 2007) (refusing to consider the husband's statement of the evidence under rule 9.200(b)(4) because the wife objected to it and the trial court was unable to settle and approve it); Burke v. Burke, 864 So.2d 1284, 1284 (Fla. 1st DCA 2004) (same); Boylan v. Boylan, 571 So.2d 580, 580 (Fla. 4th DCA 1990) (finding that neither party's statement of the evidence was approved by the trial court and therefore the record was not adequate for appellate review).
Here, because the trial court did not approve either the Husband's or the Wife's statement of the evidence due to the passage of time, we must reject both of their proposed statements of the evidence. Having done so and in the absence of a transcript of the proceedings, we are limited to reviewing the final judgment for errors that are apparent on its face. See In re Guardianship of Read, 555 So.2d 869, 871 (Fla. 2d DCA 1989) ("Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed."); see also Marshall, 953 So.2d at 25; Mayfield v. Mayfield, 929 So.2d 671, 672 (Fla. 5th DCA 2006); Novom v. Novom, 513 So.2d 789, 790 (Fla. 3d DCA 1987). In doing so, we find no error in the trial court's rulings concerning the distribution of the money market account funds, *453 the resolution of the issues relating to the aborted purchase of the Bradenton residence, the award of rehabilitative alimony, and the denial of the Wife's claims for retroactive support and attorney's fees. However, because error is apparent on the face of the judgment on the issue of the award of permanent periodic alimony, we reverse on that issue and remand for further proceedings.
From the incomplete record before this court, we have gleaned certain facts. The parties had been married for fifteen years when they sought dissolution. During the marriage, the Husband was employed as a salesman for a roofing contractor, and he made approximately $120,000 per year. However, during the course of the dissolution proceedings, the Husband was laid off from this position. He was able to find similar work, but his new position paid only $78,000. At the time of the dissolution hearing, the Wife owned a children's clothing and furniture store with a partner, and the parties presented conflicting evidence as to whether the Wife received any income from this business. The Wife contended that she did not, and she sought an award of permanent periodic alimony.
The Wife also presented a rehabilitative plan to the court pursuant to which she sought to complete a series of classes in faux painting, following which she intended to develop a faux painting business. She asserted that she had no current income and had living expenses of approximately $5100 per month, excluding expenses for the parties' child. The Husband had income of approximately $6500 per month and expenses of approximately $3700 per month.
In the final judgment of dissolution of marriage, the trial court awarded the Wife $1500 per month in rehabilitative alimony for twelve months, followed by $750 per month in rehabilitative alimony for the next twelve months. The trial court did not find that the Wife was entitled to permanent periodic alimony, but it reserved jurisdiction for two years to consider her request for such an award.
The Wife moved for rehearing on a number of issues, and the court granted the motion in part. In the order on rehearing, the trial court struck the award of the second year of rehabilitative alimony, finding that that award impermissibly assumed the parties' financial positions at the end of the first year. However, the trial court reserved jurisdiction to consider a motion by the Wife seeking an additional award of rehabilitative alimony at the end of the first year. The trial court then specifically found that the Wife was entitled to permanent periodic alimony but that the Husband had no present ability to pay. Despite this new finding of entitlement, the trial court did not then actually award the Wife an amount of permanent periodic alimony but reiterated that it would only reserve jurisdiction over the issue of permanent alimony for two years.
Reading these two orders together, it appears that the trial court initially intended for the Wife to have two years in which to complete her faux painting classes and establish her business. At the end of this two-year rehabilitative period, the trial court would consider whether, given the rehabilitation, the Wife was entitled to an award of permanent periodic alimony. However, in the order on rehearing, the trial court specifically found that the Wife was entitled then to permanent periodic alimony. The trial court reserved jurisdiction to consider the amount of that award, but only for two years. While we understand how the trial court got to this ruling, this portion of the order is nevertheless erroneous on its face.
*454 This court has held that "[o]nce a party's entitlement to permanent periodic alimony is established, ... the amount is based on the needs of one spouse and the ability of the other spouse to pay." Gildea v. Gildea, 593 So.2d 1212, 1213 (Fla. 2d DCA 1992) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). Thus, when one party is entitled to permanent periodic alimony but the other spouse has no current ability to pay, the trial court should award a nominal sum of permanent periodic alimony, which will give the court jurisdiction to reconsider the award should the parties' financial circumstances change. See Gildea, 593 So.2d at 1213; see also Schlagel v. Schlagel, 973 So.2d 672, 676-77 (Fla. 2d DCA 2008) (holding that the trial court abused its discretion by failing to award nominal permanent periodic alimony to the wife so that the court could revisit the claim if the wife was unable to secure employment after rehabilitation); Fleck v. Fleck, 958 So.2d 1043, 1044 (Fla. 2d DCA 2007) ("`[T]he rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction.' ") (quoting Esteva v. Rodriguez, 913 So.2d 684, 686 (Fla. 3d DCA 2005)); Nourse v. Nourse, 948 So.2d 903, 904 (Fla. 2d DCA 2007) (holding that when the historic incomes of the parties, the length of the marriage, and the wife's potential future needs supported an award of permanent periodic alimony, the trial court abused its discretion by not awarding at least nominal permanent periodic alimony to preserve the trial court's jurisdiction to revisit the award).
Here, the trial court found that the Wife was entitled to permanent periodic alimony but that the Husband had no present ability to pay. The court clearly contemplated the likelihood of a change in the parties' financial circumstances, but it retained jurisdiction for a period of only two years. Nothing in the limited record before this court shows that the parties' financial circumstances would cease to change at the end of two years. Moreover, as the Wife points out, if she is entitled to permanent periodic alimony, that entitlement does not end at the conclusion of an arbitrary two-year period. Once the trial court found that the Wife was entitled to be awarded permanent periodic alimony, it was required do just that-award her permanent periodic alimony, even if only a nominal amount, in keeping with the Husband's present ability to pay. Therefore, the trial court abused its discretion by not awarding at least a nominal amount of permanent periodic alimony so as to retain jurisdiction to revisit the issue should the parties' financial circumstances change in the future.
Accordingly, we reverse the denial of an award of permanent periodic alimony and remand for the trial court to award the Wife a nominal amount of permanent periodic alimony. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded for further proceedings.
KELLY and KHOUZAM, JJ., Concur.