SHEPHERD, J.,
concurring in part and dissenting in part.
I concur in the well-reasoned opinion of the majority in all respects but one. In its Final Judgment, the trial court found a *647 present need for alimony. I concur in the majority opinion that the lower court abused its discretion in making such an award on the facts of this case. I differ with the majority’s sua sponte decision to award nominal alimony to the former wife for two reasons: (1) it is not at all certain the evidence is sufficient to justify such an award; and, (2) regardless, it is our responsibility to allow the trial court to make such a determination in the first instance.
Although the award reversed (permanent periodic alimony) and the award made (nominal alimony) appear at first blush as two sides of the same coin, they are completely different. A permanent alimony award, when granted, is based on present circumstances. See Hollinger v. Hollinger, 684 So.2d 286, 288 (Fla. 3d DCA 1996) (stating a decision to award permanent alimony must be made “on the basis of the evidence before [the court] at the time and not what would or might happen in the future”). An award of nominal alimony looks to the future, and is awardable only if there is a likely future change in circumstances. Esteva v. Rodriguez, 913 So.2d 684, 686 (Fla. 3d DCA 2005) (“[T]he rule, generally, is that where there is a likelihood of a change in the future that would warrant an award of alimony, the court should retain jurisdiction.”) (emphasis added) (quoting Roy v. Roy, 522 So.2d 75, 76 (Fla. 4th DCA 1988)). For good and sufficient reason, including the fact the trial judge is on site and has the ability to observe and evaluate the demeanor of the witnesses, the discretion to make either type of award is reposed in the sound discretion of the trial judge. See Lightcap v. Lightcap, 14 So.3d 259, 260 (Fla. 3d DCA 2009); Schlagel v. Schlagel, 973 So.2d 672, 676 (Fla. 2d DCA 2008). I am not aware of any case which holds that an appellate court possesses any such authority on the facts of this case.[11]
This case constitutes a good case study for not making such a decision at this level. Adjusting for the results of our opinion today, the former wife and former husband each will exit this marriage with more than $1.1 million dollars in readily accessible cash, a half interest each in a $675,000 unencumbered Florida Keys townhouse, negligible debt, and a potential future hit from the Singulator. The only potential “likely” change of circumstance in the future that might justify an award of alimony is the wife’s health. The former wife complains of severe neck and back pain resulting from two falls on a ski slope, one in 1980 and another in 1995. Yet, the only provable times during all these years she sought medical attention for this condition were in March 2006 — the same month she filed her petition for dissolution — when, as she candidly admits, she consulted a neurosurgeon, Dr. Albert Dudley, solely “because of all the things that were happening and I just wanted to know where I stood *648 physically with what I’m facing,” and on a second occasion just days before trial.[12] These visits produced a diagnosis of “some degenerative disk disease,” and, on the second visit, a herniation of a disk which had not yet manifested itself. The former wife takes Tylenol as needed for her condition. No further treatment or future surgery is indicated.
There is no need for a reservation of jurisdiction or nominal alimony award in this case. As this court has stated, to retain jurisdiction, “there must presently appear in the record foreseeable circumstances to take place in the future as would at that time support an award of alimony.” Esteva, 913 So.2d at 686 (emphasis added). There is no such presently appearing evidence in this case.

. Nor has the majority found any such authority. See supra n. 8. The other three cases cited by the majority — Schmidt v. Schmidt, 997 So.2d 451, 454 (Fla. 2d DCA 2008); Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001); Misiak v. Misiak, 898 So.2d 1159, 1160 (Fla. 5th DCA 2005) — are all cases in which there was a clear and present need for an award of alimony, but an inability to pay. As the trial court explained in Schmidt, 997 So.2d at 454, in such a circumstance, 'To]nce the trial court found that the Wife was entitled to be awarded permanent periodic alimony, it was required to do just that — award her permanent periodic alimony, even if only a nominal amount.” In our case, "the former wife’s present need for permanent periodic alimony was not established.” See supra p. 645. Final Judgments of Dissolution should divorce parties, not insert placeholders for future litigation based upon speculation. I hesitate to think what the result might be in this case if the former wife were the inventor. See Kennedy v. Kennedy, 622 So.2d 1033, 1036 (Fla. 5th DCA 1993).

. The former wife testified she also consulted Dr. Dudley in 2000 and 2001, but Dr. Dudley had no record of any such consultations.