Kuntz, J.
Melissa Kriebel appeals the court’s “Final Judgment of Injunction for Protection Against Repeat Violence” entered against her and in favor of Nathalie Piedrahita. The record before us does not substantiate two incidents of violence or stalking committed by Kriebel. Therefore, we reverse.
Kriebel asserts that this matter “is predicated on an extramarital affair between Ms. Piedrahita and Ms. Kriebel’s husband and the concomitant effects of Ms. Piedrahita’s incessant presence around Ms. Kriebel’s husband (not a party to the repeat violence action) during a time when Ms. Kriebel believed she and her husband were trying to reconcile their marriage.”
Viewed through that lens, it may not be surprising that Kriebel and Piedrahita do not get along. This animosity led Kriebel and Piedrahita to both seek injunctions for protection against repeat violence against the other.
The court held an evidentiary hearing on the competing injunction requests at which Kriebel, represented by counsel, and Piedrahita, appearing pro se, presented evidence as to the facts in their respective sworn petitions. Unfortunately we do not know the exact testimony given at the hearing because neither party retained a court reporter. Instead, five months after the hearing, Kriebel filed a motion for entry of statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Incorporated within the motion was an eleven page statement of the evidence prepared by counsel for Kriebel.
Absent approval of the statement of the evidence we would have lacked an adequate record to review the court’s order. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). At the same time, and as we have noted in the past, “[ejxpecting a trial judge to confirm the details of a trial, months and numerous other intervening trials later, where the parties do not agree, is not realistic.” Rivera v. Rivera, 863 So.2d 489, 490 (Fla. 4th DCA 2004).
In this case too, it was unrealistic for Kriebel to expect confirmation of her eleven-page statement of the evidence, especially more than five months after the evidentiary hearing. However, to the judge’s credit, the court was able to recall the details of the hearing. The court not only approved the statement of the evidence, but also added details that Kriebel had omitted.
The approved statement of the evidence indicates that the court entered injunctions against both parties based upon a finding “that the parties were unable to control themselves around each other and in order to maintain civility it was necessary to enter Final Injunctions for Protection Against Repeat Violence.” While it may be accurate to state that the parties were unable to control themselves around each other, the statute requires more before an injunction can issue. Power v. Boyle, 60 So.3d 496, 498 (Fla. 1st DCA 2011).
The statute “create[s] a cause of action for an injunction for protection in cases of repeat violence.” § 784.046(2), Fla. Stat. (2016). “Repeat violence” is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(1)(b). Stalking is defined as *869 “willfully, maliciously, and repeatedly5’ following, harassing, or cyberstalking another person. § 784.048(2).
The approved statement of the evidence demonstrates that Piedrahita established one incident of violence by battery and one incident of following. However, stalking requires repeatedly following, harassing, or cyberstalking, and Piedrahita only established one such incident. Having only presented evidence of one incident of following, Piedrahita failed to satisfy the requirements for stalking.
Based upon the approved statement of the evidence, Piedrahita failed to establish the statutory requirements of “two incidents of violence or stalking,” and the Final Judgment of Injunction for Protection Against Repeat Violence entered against Kriebel is reversed.

Reversed.

Ciklin, C.J., and Gross, J., concur.