DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH WOLINER,**
Petitioner,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
not in its individual capacity, but solely as
**OWNER TRUSTEE OF CSMC 2019-RP11 TRUST,**
Respondent.

No. 4D2024-2042

[October 2, 2024]

Petition for Writ of Mandamus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr., Judge; L.T. Case No. 502021CA009430.

Kenneth Woliner, Boca Raton, pro se.

Adam A. Diaz of Diaz Anselmo & Associates, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

Foreclosure defendant Kenneth Woliner petitions for a writ of mandamus to compel the trial court to grant a motion to approve a statement of the evidence. The circuit court denied the motion. In the alternative, Woliner petitions for a writ of certiorari or "All Writs" relief.

As set forth below, we deny all relief.

Woliner desires to recreate a record of a hearing held on November 20, 2023, regarding a motion to vacate, at which no court reporter was present. On November 22, 2023, the circuit court denied that motion.

Woliner seeks to force the trial court to approve his statement of the evidence under Florida Rule of Appellate Procedure 9.200(b)(5), which governs re-creation of a portion of the record on appeal. The rule states:

*Statement of Evidence or Proceedings.* If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. Thereafter, the statement and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval. As settled and approved, the statement must be included by the clerk of the lower tribunal in the record.

Fla. R. App. P. 9.200(b)(5).

Mandamus is not appropriate because the trial court has no ministerial duty to approve Woliner's statement of the evidence, which respondent opposed. *See Rivera v. Rivera,* 863 So. 2d 489, 490 (Fla. 4th DCA 2004) (holding that a trial court is not required to approve a statement of the evidence).

Many other cases recognize that a trial court is not required to approve a statement of the evidence. *Schmidt v. Schmidt,* 997 So. 2d 451, 451–52 (Fla. 2d DCA 2008); *Boylan v. Boylan,* 571 So. 2d 580, 580 (Fla. 4th DCA 1990); *Clayton v. Clayton,* 442 So. 2d 310, 311 (Fla. 1st DCA 1983).

This law is well-settled. The circuit court denied Woliner's motion citing *Haist v. Scarp,* 351 So. 2d 1120, 1121–22 (Fla. 4th DCA 1977), *approved,* 366 So. 2d 402 (Fla. 1978). On certiorari review of this court's decision in *Haist,* the Florida Supreme Court agreed with and quoted this court with approval:

In the case at bar both sides chose not to avail themselves of a court reporter. Such a choice always has had the potential for a backfire and we cannot agree that the courts are required to be used as substitutes for court reporters whenever the gamble not to create a record fails to pay off. This is especially so when the trial judge reports that his recollection does not permit it.

366 So. 2d at 404 (quoting *Haist,* 351 So. 2d at 1121). Our supreme court observed: "It is the duty of the parties to a lawsuit to properly establish and preserve a record on appeal. Conversely, it is they who must suffer the consequences, not the courts, when this duty is not fulfilled." *Id.*

(footnote omitted).  The trial court is not required to conduct hearings to reconstruct the record.  *Id.*

Woliner's argument that the court must conduct an evidentiary hearing to reconstruct the facts is directly contrary to *Haist* and the cases cited above.

Here, Woliner's petition borders on the frivolous, because he successfully moved to disqualify the judge who presided over the November 2023 hearing that he seeks to recreate.  The successor judge, who has no knowledge of what transpired at the November 2023 hearing, can hardly be faulted for denying a motion to approve the statement of the evidence over the opposition of one of the parties.

Assuming we have certiorari jurisdiction, no departure from the essential requirements of law can be shown.  The trial court did not err in refusing to approve the statement of the evidence.

Finally, Woliner argues that, if this court agrees that the record cannot be reconstructed, then it should use its "All Writs" jurisdiction to quash the November 2023 order and require a "new trial."  This relief is clearly not appropriate, as the validity November 2023 order is not properly before this court.

*Petitions denied.*

WARNER, GROSS and DAMOORGIAN, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***

3