DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD LLOYD EDMAN,**
Appellant,

v.

**CARLENE EDMAN,**
Appellee.

No. 4D2024-0077

[March 26, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge, and John Lenderman, Senior Judge; L.T. Case No. 502023DR004649.

Thomas Inskeep of Griffin Inskeep Law, LLC, West Palm Beach, for appellant.

No appearance for appellee.

KLINGENSMITH, C.J.

Appellant Donald Lloyd Edman ("Husband") timely appeals the trial court's final judgment of dissolution of marriage, which granted permanent alimony to appellee Carlene Edman ("Wife") and retained jurisdiction for the trial court to address Husband's pension. On appeal, Husband claims: (1) the trial court's permanent alimony award was contrary to law because section 61.08, Florida Statutes (2023), ended permanent alimony awards; (2) the trial court failed to make specific factual findings pursuant to section 61.08 as to Wife's need and Husband's ability to pay alimony; and (3) the trial court improperly awarded division of Husband's retirement pension with permanent alimony. We agree the trial court erred in its alimony award and reverse in part on that issue.

An alimony award is reviewed for an abuse of discretion, but "[w]here a trial judge fails to apply the correct legal rule . . . the action is erroneous as a matter of law." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) (alterations in original) (quoting *Kennedy v. Kennedy*, 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993)). Questions of law are subject to de novo review. *Smith v. Smith*, 224 So. 3d 740, 745 (Fla. 2017).

In May 2023, Husband petitioned for dissolution of marriage. In November 2023, Husband and Wife each appeared pro se for a final hearing before Senior Judge John Lenderman. No court reporter was present. After the hearing, the trial court entered the final judgment of dissolution of marriage, which included the following provisions:

> B. Alimony. The Wife is 57 years old, has not been employed since 2007 as she was a housewife and cared for the parties' children. This is a 37-year marriage in where the Husband was the sole provider and is currently making $67,200.00 per year. *Therefore, the Court awards the Wife permanent monthly alimony in the amount of $2,000.00 per month commencing December 1, 2023.*

> . . .

> D. Pension Plan. The Husband is employed with the City of Riviera Beach, Florida. He has a city pension benefit the terms of which have not been provided to the Court. *The court would equally divide this pension; however, the Court has no information as to the term of the pension. The Court retains jurisdiction to enter a QDRO or other documentation dividing this pension as and when payable.*

> E. The court reserves jurisdiction to modify and enforce this final judgment.

(Emphasis added).

Complicating this matter on appeal is the fact no transcript of the final dissolution hearing is contained in the record. In cases where a transcript is unavailable, Florida Rule of Appellate Procedure 9.200(b)(5) provides an alternative for the purposes of appellate review:

> *Statement of Evidence or Proceedings.* If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. *Thereafter, the statement and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval. As settled and*

2

> *approved, the statement must be included by the clerk of the lower tribunal in the record.*

(Second emphasis added).

While this appeal was pending, Husband moved for the trial court to approve his statement of the evidence pursuant to rule 9.200(b)(5). Wife did not object to Husband's statement of the evidence. The division judge assigned to the case initially denied the motion without prejudice because she had not presided over the final hearing. Husband then contacted the office of the senior judge who had presided over the dissolution hearing to obtain a ruling on his statement of the evidence and discovered Judge Lenderman had passed away. Husband renewed his request for the division judge to rule on his statement of the evidence, to which the division judge responded:

> Due to circumstances outside of the parties' control, the matter is no longer before Judge Lenderman. Although the [c]ourt is sympathetic to the circumstances, this [c]ourt was not presiding over the Final Hearing on the Dissolution, and, therefore, is unable "to confirm the details of a trial." *Rivera v. Rivera*, 863 So. 2d 489, 490 (Fla. 4th DCA 2004).

Husband argues on appeal that we should consider his statement of the evidence because the parties agreed to the facts within it. However, Husband's submitted statement of the evidence was not approved by the trial court—a requirement of the rule. *See Burke v. Burke*, 864 So. 2d 1284, 1284 (Fla. 1st DCA 2004) ("No trial transcript was submitted in the record on appeal and the 'statement of evidence' submitted by the former husband was not agreed to by the parties, *nor approved of by the trial court.*" (emphasis added)). Therefore, we must reject the statement of the evidence for failure to comply with [rule 9.200(b)(4)]. Because the acceptance of a statement of the evidence is a matter of discretion by the trial court, we find no error in this case. *See also Rivera*, 863 So. 2d at 490 (holding rule [9.200(b)(4)] does not require the trial court to approve a statement of the evidence because it is "not realistic" to expect a trial judge to confirm details of a trial months later).

Absent a trial transcript or other record, our review is limited to those errors that may appear on the face of the final judgment. *Burke*, 864 So. 2d at 1284–85. A final judgment lacking factual findings pursuant to section 61.08 is an error which we can address without a transcript. *Badgley v. Sanchez*, 165 So. 3d 742, 744–45 (Fla. 4th DCA 2015) (reversing alimony award because, even in the absence of a transcript, the trial court

erred in failing to make the findings required in section 61.08); *Ondrejack*, 839 So. 2d at 870 (holding the failure to consider all of the mandated factors of section 61.08 reversible error); *Jocelyn v. Jocelyn*, 392 So. 3d 169, 170 (Fla. 5th DCA 2024) (reversing final judgment for failure to make required findings to support alimony award despite a lack of transcript because errors were apparent from face of the judgment).

Section 61.08, Florida Statutes (2023), authorizes the award of alimony, with subsection (3) setting forth factors that the court "shall consider" in determining the amount and type. § 61.08(3), Fla. Stat. (2023). The trial court "shall make written findings of fact" regarding the basis for awarding a form of alimony. § 61.08(1)(b), Fla. Stat. (2023). In determining whether to award alimony, the trial court "shall first make a specific, factual determination as to whether the party seeking support, maintenance, or alimony has an actual need for it and whether the other party has the ability to pay support, maintenance, or alimony." § 61.08(2)(a), Fla. Stat. (2023). *See also Addie v. Coale*, 120 So. 3d 44, 47 (Fla. 4th DCA 2013) ("An award of alimony must be predicated on evidence that the requesting spouse has a need for the alimony and that the other spouse has the ability to pay.").

After finding a need for alimony and an ability to pay, the court *shall* consider all of the mandated factors in section 61.08(3) to evaluate and determine the proper form of alimony. *See* § 61.08(3)(a)–(h), Fla. Stat. (2023). Previously, section 61.08 authorized a trial court to award permanent alimony. *See* § 61.08(1), Fla. Stat. (2022). However, in 2023, the legislature significantly amended section 61.08 and eliminated permanent alimony as a permissible award. *See* Ch. 2023-315, § 1, Laws of Fla. The amended statute applies to "all initial petitions for dissolution of marriage or support unconnected with dissolution of marriage *pending or filed on or after July 1, 2023*." § 61.08(11), Fla. Stat. (2023) (emphasis added).

Husband's petition remained pending after July 1, 2023, so the November 2023 dissolution proceeding was governed by the amended section 61.08(1)(a) eliminating permanent alimony. *See* § 61.08(11), Fla. Stat. (2023). Accordingly, we find that the trial court erred in awarding Wife permanent alimony because it was not an authorized remedy under Florida law. The trial court was only authorized to award alimony "in the form or forms of temporary, bridge-the-gap, rehabilitative, or durational alimony, as is equitable." § 61.08(1)(a), Fla. Stat. (2023).

The face of the final judgment also shows the trial court erred in failing to make the findings required by section 61.08 to grant an alimony award.

4

The trial court made no findings regarding Wife's "need" for alimony and Husband's "ability" to pay. *See* § 61.08(2)(a), Fla. Stat. (2023); *Crouse v. Crouse*, 368 So. 3d 6, 8 (Fla. 4th DCA 2023) (reversing final judgment because trial court must make factual determination about one party's need for alimony and the other's ability to pay based on parties' net incomes). Further, while some of the final judgment's findings correlate to factors in section 61.08(3)—i.e., Wife's age, Wife's lack of employment because of her role in caring for their children, the duration of the marriage, and Husband's role as sole provider—discussion of other factors listed in section 61.08 are entirely omitted. *See* § 61.08(3)(a)–(h), Fla. Stat. (2023).

The absence of these findings combined with the lack of a final hearing transcript requires us to reverse and remand for the trial court to conduct a new evidentiary hearing and prepare an order with the necessary factual findings after consideration of these factors. *See Badgley*, 165 So. 3d at 744–45 (reversing and remanding for required factual findings under section 61.08); *Rowe-Lewis v. Lewis*, 267 So. 3d 1039, 1042 (Fla. 4th DCA 2019) (reversing and remanding for evidentiary hearing and entry of final judgment that includes findings of fact and consideration of each section 61.08 factor for determining alimony); *see also Hines v. Williams*, 384 So. 3d 237, 240 (Fla. 4th DCA 2024) ("[G]iven the passage of time . . . and the lack of transcripts from those hearings, the circuit court, in its discretion, may: (1) take additional evidence and conduct further proceedings to enable the circuit court to make the statutorily required findings; and (2) amend and/or update its prior equitable distribution determination in light of any additional evidence presented.").

Husband also argues that the trial court erred in awarding Wife 50% of Husband's retirement pension with the permanent alimony award because the trial court could not "double-dip and award both." Husband asserts that alimony should terminate when he retires if Wife is to receive 50% of Husband's retirement pension. We note that the trial court lacked information regarding the pension's term and retained jurisdiction to divide the pension at a later time. Because we are remanding this case to the trial court for reconsideration of the alimony award in an evidentiary hearing, we direct the trial court to address the pension, take additional competent evidence to determine its appropriate distribution, and make the necessary findings. *See Hayden v. Hayden*, 662 So. 2d 713, 717 (Fla. 4th DCA 1995) (concluding that the court was unsure of the meaning of the trial court's finding as to a QDRO but, in light of remand on a number of other issues, remanding for reconsideration of the issue and taking of additional competent evidence); *cf. Veith v. Veith*, 315 So. 3d 1259, 1263 (Fla. 5th DCA 2021) (although lack of factual findings was not raised in

rehearing, in light of reversal of other issues, the court remanded issue of need for life insurance as security for child support so that the necessary findings could be made or the need removed).

In conclusion, we affirm the final judgment to the extent it dissolves the parties' marriage. However, we reverse as to the trial court's award of permanent alimony and remand for the trial court to conduct an evidentiary hearing and make the necessary factual findings as to both alimony and Husband's pension.

*Affirmed in part, reversed in part and remanded with instructions.*

FORST, JJ., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

While I concur in the majority opinion, I would make these comments as to section 61.08(8), Florida Statutes (2023). Although the amended statute abolished "permanent alimony," the statute does not entirely leave a needy spouse with no recourse depending upon the circumstances. The statute provides:

> (b) An award of durational alimony may not exceed 50 percent of the length of a short-term marriage, 60 percent of the length of a moderate-term marriage, or 75 percent of the length of a long-term marriage. **Under exceptional circumstances, the court may extend the term of durational alimony by a showing of clear and convincing evidence that it is necessary after application of the factors in subsection (3) and upon consideration of all of the following additional factors:**
>
> 1. The extent to which the obligee's age and employability limit the obligee's ability for self-support, either in whole or in part.
>
> 2. The extent to which the obligee's available financial resources limit the obligee's ability for self-support, either in whole or in part.
>
> 3. The extent to which the obligee is mentally or physically disabled or has been diagnosed with a mental or physical

6

condition that has rendered, or will render, him or her incapable of self-support, either in whole or in part.

4. The extent to which the obligee is the caregiver to a mentally or physically disabled child, whether or not the child has attained the age of majority, who is common to the parties. Any extension terminates upon the child no longer requiring caregiving by the obligee, or upon death of the child, unless one of the other factors in this paragraph apply.

§ 61.08(8)(b), Fla. Stat. (2023) (emphasis supplied.) These provisions demonstrate a need for the trial court to make detailed findings when awarding durational alimony that exceeds the general statutory limits.

I see nothing in the statute which would prevent the trial court from awarding durational alimony for the life of the needy spouse, if the trial court finds that the factors set forth in the statute are established with clear and convincing evidence. Indeed, a spouse who has devoted her life to the family during a very long-term marriage, foregoing gainful employment, should not have to become penniless in old age, if she outlives the rigid general statutory formula for durational alimony. The Legislature wisely provided flexibility for the trial court to consider the circumstances of each marriage in considering alimony.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

7