477 So.2d 1026 (1985)
Richard A. ONDERKO D/B/a Ricanon Auto Leasing & Sales, Appellant,
v.
ADVANCED AUTO INSURANCE, INC., a Florida Corporation, and Sam Capitano, Appellees.
No. 84-2709.
District Court of Appeal of Florida, Second District.
September 20, 1985.
Rehearing Denied October 24, 1985.
*1027 Thomas Sabella, Tampa, for appellant.
Stephen L. Evans of Straske, Farfante, Segall & Arcuri, P.A., Tampa, for appellee Sam Capitano.
GRIMES, Acting Chief Judge.
Ricanon Auto Leasing & Sales sued Advanced Auto Insurance and Sam Capitano for default in payments under two automobile lease agreements. Advanced filed a petition for bankruptcy and the case proceeded against Capitano. The court ultimately entered summary judgment for Capitano, and Ricanon appeals.
The lease agreements are identical with the exception that each covers a different automobile. Each lease begins in part as follows:
THIS LEASE AGREEMENT made and entered into this 7th day of June, 1978, by and between RICANON AUTO LEASING & SALES, a corporation ..., hereinafter called "LESSOR", and Advanced Auto Insurance, Inc. .. .
IT IS HEREBY MUTUALLY AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:
Paragraph nineteen of the lease agreements reads:
19. If LESSEE is a corporation or a partnership, the person signing this Lease on behalf of such corporation or partnership hereby warrants that he has full authority from such corporation or partnership to sign this Lease and obligate the corporation or partnership hereunder and said person and the corporation or partnership shall be jointly and severally liable for all rent and any and all other amounts that may be due and owing to LESSOR under the terms of this Lease, including attorney's fees and costs.
The next paragraph reads in pertinent part:
20. It is further agreed that ... (d) the parties hereto have read this entire lease and the credit application made in conjunction herewith and do hereby acknowledge that they are familiar with all of the terms, covenants, and conditions set forth therein and that there are no other representations, warranties, or agreements concerning this lease which do not appear in writing therein, and (e) no alteration, change or modification of any of the terms, covenants, and conditions of the lease shall be made except in writing and signed by the parties hereto.
The following signature section for the lessee appears at the end of both leases:
 Advanced Auto Insurance, Inc. 
 LESSEE
 BY [signature of Sam Capitano] 
 Sam Capitano TITLE
Just below Capitano's signature, the following admonition clause is set forth in capital letters:
LESSEE'S SIGNATURE INDICATES HE HAS READ THE ENTIRE AGREEMENT INCLUDING THE TERMS AND CONDITIONS SET FORTH ABOVE AND HAS RECEIVED A FILLED-IN COPY OF THIS LEASE AGREEMENT.
*1028 In an affidavit supporting his motion for summary judgment, Capitano asserted that paragraph nineteen was not explained to him. He also claimed that he signed the leases only in his representative capacity as an officer of the lessee corporation without ever intending to make himself personally liable. Richard Onderko, the owner of Ricanon, filed a counteraffidavit stating that when he asked Capitano to read and to examine the leases, he signed them without doing so.
On appeal Ricanon contends that Capitano is jointly and severally liable under the unambiguous terms of the leases. Capitano responds that he was not a party to the leases and that absent a second signing he cannot be held individually liable under them. We reverse.
In Sabin v. Lowe's of Florida, Inc., 404 So.2d 772 (Fla. 5th DCA 1981), a corporate president signed a credit application which included a provision for the signor's personal guarantee of payment of all credit extended to the corporation. As in the instant case, the document contained an admonition to read its contents before signing. The court held that under the clear language of the credit application, Sabin, the signor, was bound individually despite his signing "as president." The court rejected the contention that Sabin could not be liable because he had not signed twice, once as agent and once individually. Accord Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984). The case of Delta Air Lines, Inc. v. Wilson, 210 So.2d 761 (Fla. 3d DCA 1968), cited below in the final summary judgment, stands only for the proposition that, absent controlling language in the contract, a signature preceded by the word "by" cannot bind the signor to a contract in which he is not designated as a party. The Delta contract contained no provision purporting to make the signor individually liable.
Here, paragraph nineteen of each auto lease clearly states that the person signing on behalf of the corporation not only warrants his authority to do so but also accepts any joint and several liability with the corporation for rent and other amounts due the lessor. Although Capitano's name does not appear in the body of the leases, its provisions refer to him. When he signed in his representative capacity, as evidenced by his signature located below the typewritten name "Advanced Auto Insurance, Inc.," and after the word "by," he also became bound in his individual capacity under the terms of the leases. It would have made no difference had he added any descriptio personae beside his signature. See Central National Bank v. Muskat Corp. of America, 430 So.2d 957 (Fla. 3d DCA 1983); Manufacturers' Leasing Ltd. v. Florida Development & Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976).
A party has a duty to learn and know the contents of an agreement before signing it. Manufacturers' Leasing Ltd. Any inquiries Capitano may have had concerning the ramifications of paragraph nineteen should have been made before signing. Since Capitano has not alleged or demonstrated that he was prevented from reading the leases or that he was induced to sign without reading them, he is bound by their contents. Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977).
We hold that the clear and unambiguous language of the leases subjects Capitano to joint and several liability with the corporate lessee in the event of breach. Since there was no dispute concerning the monies owed under the leases, the court should have entered summary judgment for Ricanon. We reverse and remand the cause for further proceedings consistent with this opinion.
OTT and CAMPBELL, JJ., concur.