930 So.2d 719 (2006)
Carol Jo CUNNINGHAM, Appellant,
v.
Richard Bruce CUNNINGHAM, Appellee.
No. 2D05-924.
District Court of Appeal of Florida, Second District.
May 3, 2006.
Rehearing Denied June 14, 2006.
Brett R. Rahall of Brett Rahall, P.A., Tampa, for Appellant.
Gregory D. Jones and Collins Guyton of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellee.
SILBERMAN, Judge.
Carol Jo Cunningham (the wife) appeals a final judgment dissolving her marriage to Richard Bruce Cunningham (the husband) and challenges the trial court's failure to award to her permanent periodic alimony and attorneys' fees. We reverse and remand for the trial court to award nominal permanent periodic alimony to the wife and to consider her motion for attorney's fees. In all other respects, we affirm the final judgment.
The parties had a long-term marriage of twenty-seven years. At the time of the final hearing, they had three teenage children, and the oldest child has now reached the age of majority. Throughout the marriage the husband earned substantially more income than the wife, and for eight years during the marriage the wife stayed home to raise their children. The husband has worked in the insurance industry for over twenty-five years. During the last three years of the marriage, the husband earned $138,582.24 in 2001, $165,657 in 2002, and $135,418.93 in 2003. Due to a move to a new company and a change from salary plus commission to straight commission, the husband was expected to earn $60,000 to $70,000 in 2004. His financial affidavit of October 20, 2004, reflects net monthly income of $3327.95 and monthly expenses of $6360.56. The wife was expected to earn $33,000 in 2004. Her financial affidavit of September 15, 2004, reflects net monthly income of $2215 and monthly expenses of $7550.
After a final hearing on October 25, 2004, the trial court entered a final judgment that denied the wife's request for permanent periodic alimony but awarded to her $33,000 in lump sum alimony. The *720 final judgment obligates the husband to pay child support of $1385.40 per month. The court made an equitable distribution of marital assets and liabilities, and the largest asset that the court awarded to the wife in the equitable distribution was the marital home. The record reflects that to maintain that asset for herself and the three children, the wife must make a monthly mortgage payment of $1431 and a second mortgage payment of $800. Thus, the mortgage payments on the home exceed the wife's net income.
As to the wife's request for permanent periodic alimony, the trial court made statements that appear to be contradictory. In the final judgment, the trial court stated that the wife "has a need for permanent periodic alimony" but found that the husband did not have the ability to pay. (Emphasis added.) The court then stated, "The Court has carefully considered all factors as set forth in § 61.08(1) and (2), Florida Statutes (2002), and finds that with the exception of subsection (b) [the duration of the marriage], subsections (a)-(g) do not favor an award of permanent periodic alimony to the Wife." Previously, in its oral findings, the trial court had stated that "because of her equitable distribution of the marital assets, which puts them on equal footing, I'm finding that she doesn't have the need. And if she did, he doesn't have the ability to pay." (Emphasis added.) The wife's counsel requested that the trial court at least reserve jurisdiction and award nominal permanent periodic alimony, but the trial court denied that request. Counsel argued that the wife should be able to seek an award once the husband's earnings are again commensurate with the standard of living that the parties enjoyed during the marriage.
We conclude that based on the parties' circumstances, the trial court abused its discretion in failing to award nominal permanent periodic alimony. See Blanchard v. Blanchard, 793 So.2d 989, 990 (Fla. 2d DCA 2001) (determining that "the trial court abused its discretion when it failed to award the wife $1 in permanent periodic alimony to reserve her future right to alimony in light of the husband's work history during this long-term marriage"); Stock v. Stock, 693 So.2d 1080, 1082 (Fla. 2d DCA 1997) (affirming reservation of jurisdiction to determine alimony award in the future when the evidence showed "a likelihood that there will be a change in circumstances that would enable the husband to meet his obligation to contribute to the wife's support"). Here, the standard of living, the duration of the marriage, and the sources of income available to either party, see § 61.08(2)(a), (b), (g), favor an award of permanent periodic alimony, although in a nominal amount at this time. The evidence supports the trial court's finding that the husband is not voluntarily underemployed and that the husband is using his best efforts to earn income. Notably, the husband testified that he expected his income would increase in the near future to an amount at or near the level that he had historically earned. The parties were married for twenty-seven years, and their standard of living was commensurate with the husband's historical income. The wife has also shown a need for permanent periodic alimony. The wife's current gross yearly salary of $33,000 is the most that she has ever earned, and her net income is less than the two mortgage payments on the marital home. Thus, we conclude that the trial court should have awarded nominal permanent periodic alimony to the wife.
Finally, the wife argues that the trial court failed to consider and rule on her request for attorneys' fees and costs. The wife had alleged that she lacked financial resources to pay fees and costs and that the husband had a far superior financial *721 position and was capable of paying her fees and costs. Because the trial court did not rule on the wife's request for fees, we direct the court to do so on remand.
Accordingly, we reverse the final judgment to the extent that the trial court refused to award permanent periodic alimony and remand for the trial court to enter an amended judgment that awards nominal permanent alimony of $1 per month to the wife.
We also direct the trial court to address the wife's request for attorney's fees and costs on remand. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
STRINGER and LaROSE, JJ., Concur.