958 So.2d 1043 (2007)
Elena D. FLECK, n/k/a Elena D. Franco, Appellant,
v.
Randall J. FLECK, Appellee.
No. 2D06-854.
District Court of Appeal of Florida, Second District.
June 8, 2007.
Elena D. Franco, pro se.
Ralph P. Mangione of Williams, Schifino, Mangione & Steady, P.A., Tampa, for Appellee.
WALLACE, Judge.
Elena D. Fleck, now known as Elena D. Franco, (the Wife) challenges multiple provisions of the amended final judgment that dissolved her marriage to Randall J. Fleck (the Husband). We reverse that portion of the amended final judgment that denied the Wife any permanent alimony and remand for the trial court to consider whether an award of nominal permanent alimony to the Wife is warranted. In all other respects, we affirm the amended final judgment.
From the date of the parties' marriage until the petition for dissolution was filed, the marriage lasted eleven years. The trial court correctly ruled that this eleven-year marriage fell into the "gray area." See Welch v. Welch, 951 So.2d *1044 1017, 1019 (Fla. 5th DCA 2007) (identifying an indefinite period of timeor "gray area"that falls somewhere between a short-term marriage and a long-term marriage). As a result, there was no presumption in favor of permanent alimony. See Walker v. Walker, 818 So.2d 711, 713 (Fla. 2d DCA 2002). Next, the trial court found that the Wife "may have a need for alimony" but that "the Husband does not have the current ability to pay." The trial court ordered that the Husband "shall not be obligated to pay the Wife any alimony at this time." (Emphasis added.) Despite the implication in the amended final judgment that the parties' circumstances might change, the trial court did not reserve jurisdiction by means of an award of nominal permanent alimony that would enable it to meet the Wife's need for support in the future. See, e.g., Cunningham v. Cunningham, 930 So.2d 719, 720-21 (Fla. 2d DCA 2006) (reversing the final judgment and remanding for the trial court to enter an amended final judgment awarding nominal permanent alimony of $1 per month to the wife where the husband was earning substantially less than his past earnings but he expected that his income would increase in the near future to what he had historically earned); Blanchard v. Blanchard, 793 So.2d 989, 990 (Fla. 2d DCA 2001) (finding that the trial court abused its discretion "when it failed to award the wife $1 in permanent periodic alimony to reserve her future right to alimony in light of the husband's work history during [the parties'] long-term marriage").
Based on the trial court's findings, the Wife's sole source of income is from her imputed wage of $10 per hour predicated on a college degree in marketing, which the Wife had not used since the beginning of the marriage. Thus the Wife has an earning capacity of approximately $20,800 per year, while the Husband earns over $225,000 per year. The Husband's current inability to pay alimony stems from his status as the primary residential parent for the parties' six children and from the assignment to him of almost all of the parties' substantial marital indebtedness.
We have no reason to question the trial court's findings of fact on these matters. However, we do conclude that the trial court erred by omitting to consider whether an award of nominal permanent alimony to the Wife was warranted. See Yitzhari v. Yitzhari, 906 So.2d 1250, 1256 (Fla. 3d DCA 2005) (stating that in "a gray area marriage, disparate earning capacity becomes a significant factor in deciding whether permanent . . . alimony is appropriate"). "`[T]he rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction.'" Esteva v. Rodriguez, 913 So.2d 684, 686 (Fla. 3d DCA 2005) (quoting Roy v. Roy, 522 So.2d 75, 76 (Fla. 4th DCA 1988)). Despite the parties' substantially disparate earning capacities and the Wife's need for alimony, it does not appear that the trial court considered the possibility of an award of nominal permanent alimony to the Wife. Accordingly, we reverse the portion of the amended final judgment that denied the Wife any alimony, and we remand this case for the trial court either to find that an award of nominal permanent alimony is not appropriate or to make such an award to the Wife. We affirm the amended final judgment in all other respects.
Affirmed in part, reversed in part, and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.