992 So.2d 898 (2008)
John H. BERRY Jr. and John H. Berry Sr., Appellants,
v.
Julie M. BERRY, Appellee.
No. 2D07-825.
District Court of Appeal of Florida, Second District.
October 24, 2008.
Arnold D. Levine of Levine, Hirsch, Segall, Makenzie & Friedsam, P.A., Tampa, for Appellants.
Julie M. Berry, pro se.
KHOUZAM, Judge.
John H. Berry Jr. (the Former Husband) and his father, John H. Berry Sr., appeal the final judgment of dissolution of the Former Husband's marriage to Julie M. Berry (the Former Wife). The Former *899 Husband and his father (Mr. Berry Sr.) first argue that the trial court erred in finding that the residence in which the Former Husband, the Former Wife, and their children lived during the marriage is marital property.[1] We agree and reverse on this point. The Former Husband next contends that the trial court abused its discretion in awarding the Former Wife permanent periodic alimony. The record contains substantial, competent evidence to support the alimony award, and the trial court did not abuse its discretion in this regard. Our reversal of the trial court's finding that the house was marital property, however, significantly alters the equitable distribution scheme. Therefore, we affirm the court's finding that the Former Wife was entitled to permanent alimony but remand for reconsideration of the amount in light of the significant change in the distribution plan.
The Former Wife and the Former Husband were married for eleven years. They had two minor children. After making findings regarding the factors set forth in section 61.13(3), Florida Statutes (2006), the trial court placed responsibility for the primary residential care of the children with the Former Wife but approved a shared parenting schedule prepared by the Former Husband.
The house in which the family lived during the marriage was deeded to the Former Husband by his father about three months after the wedding. The following day, Mr. Berry Sr. had the Former Husband and the Former Wife deed the property back to him. He did not record the deed until approximately eleven years later, once it became clear to him that his son and the Former Wife had permanently separated. As the trial court acknowledged in its final judgment, Mr. Berry Sr. apparently intended that his son and the Former Wife use the house as long as they were married.
The trial court, nonetheless, found that the house was marital property, noting that Mr. Berry Sr. did not record the deed from the Former Husband and the Former Wife until after the Former Wife filed her petition for dissolution. The court also noted that the Former Husband and the Former Wife had executed numerous documents over the years reflecting their ownership interest in the property. Finally, the court found that the Former Wife's signing of the deed back to Mr. Berry Sr. did not constitute a knowing and affirmative waiver of her right to marital property.
We find that the trial court incorrectly concluded that the house was marital property. The Former Wife signed a deed conveying the property back to Mr. Berry Sr. the day after he conveyed it to the Former Husband. See Jameson v. Jameson, 387 So.2d 351, 353 (Fla.1980) ("[I]t is clear that both [spouses] must join in a conveyance of a homestead owned by one spouse to a third party...."). While the Former Wife alleged in her petition for dissolution that the Former Husband and an unnamed third party forged her signature on the deed, she testified at the final hearing that the signature could be hers. She also testified that she did not remember signing a deed conveying the home to Mr. Berry Sr.[2] and that she would never have signed away the home. However, she stated that when her husband asked her to sign documents, she would do so without asking questions or studying the *900 documents. Although it may not have been the Former Wife's intent to convey her homestead interest in the property, "parties to a written instrument have a duty to learn and understand the contents of that instrument before signing it." Keller v. Reed, 603 So.2d 717, 720 (Fla. 2d DCA 1992). The Former Wife did not testify at the final hearing that she was prevented from reading the deed or that she was induced to sign it without reading it. As such, she is bound by the deed. See Onderko v. Advanced Auto Ins., Inc., 477 So.2d 1026, 1028 (Fla. 2d DCA 1985). Thus the fact that she and the Former Husband executed documents during their marriage reflecting an ownership interest in the property does not defeat Mr. Berry Sr.'s ownership of the property because he held a deed conveying it to him. A deed takes effect upon delivery, and nothing passes until delivery. See McCoy v. Love, 382 So.2d 647, 649 (Fla.1979). Therefore, Mr. Berry Sr.'s failure to record the deed for eleven years also did not extinguish his ownership of the property. Accordingly, we reverse the portion of the final judgment declaring the property at issue to be marital property and awarding exclusive possession of it to the Former Wife.
The Former Husband contends that the trial court abused its discretion in awarding the Former Wife permanent periodic alimony.[3] This eleven-year marriage falls into the gray area between a short-term and a long-term marriage in which there is no presumption in favor of permanent alimony. See Fleck v. Fleck, 958 So.2d 1043, 1043-44 (Fla. 2d DCA 2007). However, there is substantial, competent evidence in the record demonstrating the Former Wife's needs and the Former Husband's ability to pay. Consequently, the trial court was well within its discretion to award the Former Wife permanent alimony. Because our reversal of the trial court's finding that the home was marital property significantly alters the court's equitable distribution plan, upon remand the trial court may revisit the distribution plan, as well as the amount of permanent alimony awarded, to ensure that no inequity results. See Tucker v. Tucker, 966 So.2d 25, 27 (Fla. 2d DCA 2007).
Affirmed in part, reversed in part, and remanded with directions.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] Mr. Berry Sr. was joined in the dissolution proceedings because there was an ownership dispute over the house.
[2] The person who notarized the deed testified that he witnessed the Former Husband and the Former Wife sign the deed.
[3] In an order granting, in part, the Former Husband's motion for rehearing, the trial court declined to reconsider the Former Wife's entitlement to alimony but it reduced the monthly amount it had awarded her. The Former Husband filed another motion for rehearing, in response to which the trial court reassessed the award of alimony and concluded that the modified amount was appropriate. The court also directed the Former Wife to make an "equalizing" payment to the Former Husband pursuant to the equitable distribution schedule the court had directed the parties to prepare.