On Motion for Rehearing
 

 PER CURIAM.
 

 We deny appellant’s motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
 

 The wife challenges several aspects of the trial court’s final judgment of dissolution of marriage. We write to address her challenge to the imputation of income to her and the denial of her request for alimony. We affirm, finding that competent substantial evidence supports the imputation of income and that the trial court did not abuse its discretion in denying nominal alimony.
 

 The parties were married fifteen years, four of which they were separated, and had two children. The husband, age forty-two, was employed as an attorney earning $78,024 per year. The wife, age thirty-eight, has a bachelor’s degree from the University of Florida and worked at various intervals during the parties’ marriage in the retail industry. Her most recent employment was in 2002 to 2003 as an assistant manager at Victoria’s Secret where she earned $38,000 a year.
 

 The wife maintained she left her job at Victoria’s Secret due to back pain. She claimed that she is unable to work due to disabilities and pain caused by child birth and two car accidents, one in 1998 and another in 2004. In support of her position, she presented the testimony of Robert Galt, a vocational rehabilitation specialist with no medical training, who reviewed the wife’s medical records and met with her for three hours. It was his opinion that her level of disability was such that she is “wholly unemployable.” She also presented the testimony of Andre Hope, a chiropractic physician, who examined the wife for thirty minutes. Based on the wife’s subjective complaints, past medical history as reported by the wife, and some medical records, he concluded that she had a 12% permanent physical impairment.
 

 To refute the wife’s claim that she was physically unable to work, the husband presented the testimony of a witness who observed the wife do a number of physical
 
 *575
 
 activities around the house and yard. The wife herself admitted that she cooks, cleans the house, and goes on outings to the park and mall. She has held employment that required her to work at least forty hours a week on her feet.
 

 For purposes of alimony and child support, the court found that the wife willingly chose not to return to her job at Victoria’s Secret. She presented no credible medical evidence of any physical disability that would prohibit her employment. Although the wife claimed injuries from automobile accidents and testified to the use of pain medication, she had not filed for disability. Finding that she was voluntarily unemployed, the court imputed income to her in the amount of $38,000 per year. The court denied the wife’s claim for alimony after considering the factors set forth in section 61.08(2), including the parties’ very modest standard of living and limited financial resources, concluding that “the Wife may have the need for alimony. However, the Husband does not have the ability to pay alimony.” From this order, the wife appeals.
 

 The wife asserts that the trial court erred in imputing income to her where she is unable to work due to pain and limitations from her medical conditions, as evidenced by the testimony of her vocational rehabilitation specialist and chiropractor. “In considering the imputation of income, the standard of review is whether the trial court’s determination is supported by competent, substantial evidence.”
 
 Schram v. Schram,
 
 932 So.2d 245, 249 (Fla. 4th DCA 2005).
 

 A trial court shall impute income to an unemployed parent where such unemployment is voluntary, “absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control.” § 61.30(2)(b), Fla. Stat. In determining the imputation of income, a trial court first must conclude that the termination of employment was voluntary.
 
 Schram,
 
 932 So.2d at 249. Second, the court must determine whether the subsequent unemployment “resulted from the spouse’s pursuit of [her] own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.”
 
 Id.
 
 at 249-50 (citation omitted). The trial court may only impute a level of income supported by the evidence of employment potential and probable earnings based on work history, qualifications, and prevailing wages in the community.
 
 Id.
 
 at 250; § 61.30(2)(b), Fla. Stat. The spouse claiming that the other spouse is voluntarily unemployed bears the burden of proof.
 
 Chipman v. Chipman,
 
 975 So.2d 603 (Fla. 4th DCA 2008).
 

 Competent substantial evidence supports the trial court’s imputation of income to the wife. The husband presented the testimony of a witness who observed the wife partaking in physically demanding activities around the yard and house. The wife admitted to working outside the home at various times during the parties’ marriage. The court further considered evidence that she had a bachelor’s degree and had worked as a manager at Victoria’s Secret earning $38,000 a year until she voluntarily terminated her employment. Imputation of $38,000 in income to the wife was consistent with her prior, most recent employment. This court will not second-guess the trial court’s finding that the wife’s evidence of her inability to work was not credible.
 
 See Francavilla v. Francavilla,
 
 969 So.2d 522, 527 (Fla. 4th DCA 2007). In fact, we commend the trial judge for her carefully thought out opinion.
 

 The wife next contends that the court erred in failing to award her nominal
 
 *576
 
 alimony to preserve the court’s jurisdiction to revisit the award, because the court’s finding that the husband did not have the present ability to pay implied the potential for future ability. A trial court’s decision regarding nominal alimony is reviewed for abuse of discretion.
 
 See Roy v. Roy,
 
 522 So.2d 75, 76 (Fla. 4th DCA 1988) (“whether to reserve jurisdiction to award alimony in the future lies within the court’s discretion”).
 

 The two primary considerations in determining permanent periodic alimony are need and ability to pay.
 
 Lamont v. Lamont,
 
 851 So.2d 898 (Fla. 4th DCA 2003). A court should retain jurisdiction by awarding nominal permanent alimony only where there is a likelihood of a change in circumstances in the future that would warrant an award of permanent alimony.
 
 Roy,
 
 522 So.2d at 76. “In other words, there must presently appear in the record foreseeable circumstances to take place in the future as would at that time support an award of alimony.”
 
 Id.
 
 While evidence of long standing and chronic debilitating health problems may be sufficient to support an award of nominal permanent alimony, they do not mandate such an award.
 
 Esteva v. Rodriguez,
 
 913 So.2d 684, 686 (Fla. 3d DCA 2005).
 

 The trial court did not abuse its discretion in refusing to award the wife nominal alimony, as the length of the marriage was a “gray area” and the evidence did not support a likelihood that there would be a change in the parties’ financial circumstances that would support an award of alimony to the wife. All of the cases cited by the wife, with the exception of
 
 Fleck v. Fleck,
 
 958 So.2d 1043 (Fla. 2d DCA 2007), and
 
 Esteva,
 
 involve long-term marriages where there is a presumption in favor of permanent alimony. The parties’ fifteen-year marriage, which included four years during which the parties were separated, is a “gray area” for which no presumption exists in favor of or against an award of permanent alimony.
 
 See, e.g., Greene v. Greene,
 
 895 So.2d 503 (Fla. 5th DCA 2005) (fifteen-year marriage);
 
 Fleck,
 
 958 So.2d 1043 (eleven-year marriage).
 

 In
 
 Fleck,
 
 the trial court found that “the Husband does not have the
 
 current
 
 ability to pay” and “shall not be obligated to pay the Wife any alimony
 
 at this time.”
 
 958 So.2d at 1044 (first emphasis added). This implied that the husband’s financial circumstances might change. In contrast, the trial court here found that “the Wife may have the need for alimony. However, the Husband does not have the ability to pay alimony.” The court gave no indication that it found that the husband’s financial situation might change, nor would such a finding be supported by the record. The court did not even conclusively find that the wife had the need for alimony, as it found that the wife
 
 may
 
 have a need.
 

 In
 
 Esteva,
 
 the trial court denied the wife’s request for nominal permanent alimony without explanation after it orally indicated a desire to award nominal alimony because of the wife’s medical condition, but expressed a belief that such an award was legally impermissible. The Third District reversed and remanded because it was unclear whether the trial court had exercised its discretion
 
 in
 
 denying the request. Unlike in
 
 Esteva,
 
 there is no indication that the trial court was unaware of the option of awarding nominal alimony.
 

 Affirmed.
 

 GROSS, C.J., WARNER and CIKLIN, JJ., concur.