PER CURIAM.
 

 In this appeal, the husband challenges the trial court’s final judgment of dissolution of marriage. We write only to address the trial court’s calculation of income imputable to the husband.
 

 The parties were married for seventeen years and had one son. The husband owns a copy machine repair business. The husband sells copy machine parts, performs warranty repairs, and makes hourly service calls. Evidence at trial showed that the monthly marital household expenses totaled roughly $5,000 for the years preceding the separation. The evidence also supported the claim that the husband paid these expenses, as the wife’s income throughout the marriage was minimal. In addition, the wife presented the testimony of a forensic accountant, who reviewed the average account balance in the husband’s business accounts and estimated the husband’s gross annual income at $81,024.
 

 At trial, the husband claimed only $3,400 per month in gross income. He stated he could bill an average of only one hour per day (at $95 per hour) to his clients. The trial court held that the husband’s reduc-
 

 
 *236
 
 tion in income was the result of voluntary underemployment. The trial court then imputed to the husband an annual income of $80,000. The court believed that the husband could bill at least twenty hours per week, raising his gross corporate revenues to roughly $95,000 per year. The court then subtracted $15,000 to be retained by the corporation to meet expenses, leaving $80,000 in imputed gross income. This calculation was supported by the opinion of the wife’s forensic accountant. Moreover, such an income would have covered the marital household’s expenses.
 

 A trial court may impute income to a spouse for purposes of calculating a support award.
 
 See
 
 §§ 61.08(2), 61.30(2)(b), Fla. Stat. (2008). If the trial court determines that a spouse’s past income has declined due to voluntary action, the court may impute a higher income based on “history, qualifications, and prevailing wages.”
 
 Konsoulas v. Konsoulas,
 
 904 So.2d 440, 444 (Fla. 4th DCA 2005). The trial court’s imputation of income must be supported by competent, substantial evidence.
 
 Zarycki-Weig v. Weig,
 
 25 So.3d 573 (Fla. 4th DCA 2009).
 

 We commend the trial judge for the well-reasoned analysis of the husband’s income, despite the fact that the parties produced little evidence relevant to an income determination. Further, the trial court determined that the parties’ testimony lacked credibility. The trial court was also hamstrung by the husband’s failure to file federal income tax returns for several years.
 

 Nevertheless, the trial court’s finding that the husband could bill his clients twenty hours per week amounts to speculation, and the accountant’s review of the husband’s business bank accounts failed to consider the husband’s business expenses. The only competent evidence regarding the husband’s income was the husband’s ability to fund household expenses amounting to $5,000 per month. A spouse’s ability to maintain a standard of living at a certain financial level is probative evidence of the spouse’s income.
 
 See, e.g., Ugarte v. Ugarte,
 
 608 So.2d 838, 840 (Fla. 3d DCA 1992). Nevertheless, a trial court may not impute income to a party based solely on past earning power because past income may not reflect a present ability to pay.
 
 Chipman v. Chipman,
 
 975 So.2d 603, 609 (Fla. 4th DCA 2008);
 
 Brown v. Cannady-Brown,
 
 954 So.2d 1206, 1208-09 (Fla. 4th DCA 2007). We find the evidence regarding the husband’s prior ability to support the marital household insufficient by itself to impute a gross income of $80,000.
 

 On this limited basis, we reverse the trial court’s decision to impute $80,000 in gross annual income to the husband and remand for further proceedings. In remanding to the trial court, we stress that the wife bears the burden of proof in this instance, and trial court’s net income finding must be supported by competent, substantial evidence.
 
 Weig,
 
 25 So.3d at 575.
 

 We also reverse on the husband’s second assignment of error, as the wife concedes that the trial court neglected to include the periodic alimony award and social security disability payments as part of the wife’s income and neglected to deduct the alimony payments from the husband’s income. We affirm the trial court’s judgment on all other grounds.
 

 Reversed in part; affirmed in part; remanded.
 

 GROSS, C.J., WARNER and LEVINE, JJ., concur.