CRENSHAW, Judge.
 

 Kelly R. Coleman appeals the trial court’s final order dismissing his complaint against Jay Turner. Coleman alleged in his complaint that Turner was personally liable as the signatory of a commercial lease agreement between Coleman and 688 Skate Park, Inc. Because the trial court erred in ignoring the plain meaning of the lease and dismissing Coleman’s guaranty claim, we reverse.
 

 The parties entered into a commercial lease agreement in January 2006. When the tenant, 688 Skate Park, Inc., allegedly failed to meet its rent obligations under the lease, Coleman brought an action against Turner claiming Turner was personally liable as signatory of the lease under a guaranty clause of paragraph 36(S) in the agreement. This portion of the lease agreement provides the following:
 

 36. Miscellaneous Provisions
 

 [[Image here]]
 

 S) If the Tenant is a coporation [sic], limited liability company or limited partnership, the undersigned officer, manager or representative of the Tenant hereby certifies and wari*ants that said Tenant is in good standing and authorized to do business in the state of Florida and
 
 the individual executing this Lease on behalf of said corporation, limited liability company or limited partnership, guarantees the obligations of Tenant hereunder.
 

 (Emphasis added.) In the section of the lease agreement labeled “LESSEE/TENANT: 688 SKATE PARK, INC.,” Turner signed his name “as its President,” which is type-written below the signature line.
 

 
 *869
 
 Turner filed a motion to dismiss with prejudice Coleman’s complaint seeking relief against him individually. The trial court granted Turner’s motion concluding that Turner was “not sufficiently set out as a party to the [lease] agreement in question so as to confer individual liability.” A final order dismissing Coleman’s complaint against Turner was entered, and this appeal followed.
 

 ‘"When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint.”
 
 Murphy v. Bay Colony Prop. Owners Ass’n,
 
 12 So.3d 924, 926 (Fla. 2d DCA 2009). We therefore review de novo the question of whether Coleman’s complaint states a cause of action against Turner.
 
 See id.
 
 (stating “the question of whether a complaint states a cause of action is one of law and the standard of review is de novo”). Paragraph 36(S) of the parties’ lease is incorporated into Coleman’s complaint; the plain language of this paragraph explicitly provides that
 
 “the individual executing this Lease on behalf of said corporation ... guarantees the obligations of Tenant hereunder.”
 
 (Emphasis added.) The trial court, in its reliance on
 
 Onderko v. Advanced Auto Insurance, Inc.,
 
 477 So.2d 1026 (Fla. 2d DCA 1985), ignored the plain meaning of the contract language when it concluded that Turner was “not sufficiently set out as a party to the agreement in question so as to confer individual liability.” In
 
 Onderko,
 
 the trial court entered summary judgment in favor of the corporate officer, finding the officer could not be held personally liable. This court reversed based on the following language in paragraph 19 of the lease agreement:
 

 19. If LESSEE is a corporation or a partnership, the person signing this Lease on behalf of such corporation or partnership hereby warrants that he has full authority from such corporation or partnership to sign this Lease and obligate the corporation or partnership hereunder and
 
 said person and the corporation or partnership shall be jointly and severally liable
 
 for all rent and any and all other amounts that may be due and owing to LESSOR under the terms of this Lease, including attorney’s fees and costs.
 

 Id.
 
 at 1027 (emphasis added). Here, the trial court distinguished the
 
 Onderko
 
 contract from the contract between Coleman and 688 Skate Park, Inc., because (1) the
 
 Onderko
 
 contract used the “joint and several liability” language and (2) the
 
 Onder-ko
 
 contract contained an admonition clause “further clarifying that the person signing was indicating by his signature that he had read the entire agreement.” However,
 
 Onderko
 
 does not
 
 require
 
 that a guaranty clause contain “joint and several liability” language or an admonition clause before personal liability attaches. In the context of a motion to dismiss, the plain language of each contract must be scrutinized along with the complaint to determine if sufficient ultimate facts are pleaded to state a claim for relief. The plain language of this contract satisfies this requirement and states a claim for relief against Turner in his individual capacity.
 

 We therefore reverse and remand for further proceedings including the filing of any defenses.
 

 CASANUEVA, C.J., and MORRIS, J., Concur.