GERBER, J.
 

 Monique Shafer (the “wife”) appeals from an amended final judgment of dissolution of her marriage to Lewis Shafer (the “husband”). We agree with the wife that no competent, substantial evidence existed to support the circuit court’s factual finding that the wife could become a member of the Florida Bar and thereby increase her income beyond the level which the court imputed to her. Because the circuit court applied that factual finding to its legal conclusions regarding the amounts of alimony and child support to which the wife was entitled, we reverse the amended final judgment as to those amounts.
 

 We provide the following history based on the circuit court’s factual findings and our review of the record. The wife graduated from a New York law school in 1986. She became admitted to the New York and New Jersey bars. At different times over the next six years, she practiced criminal defense for a legal aid service, litigated insurance subrogation cases for a law firm, and performed complex collection work for her own practice.
 

 The wife married the husband in 1989. He also was an attorney. In 1992, they moved to Boca Raton. The husband became a member of the Florida Bar and opened a family law practice. The wife, however, did not pass the Florida Bar
 
 *496
 
 exam. Instead of retaking the exam, she began working as the husband’s office manager while raising their children.
 

 As the office manager, the wife had a number of responsibilities. She controlled staff attorneys as to the prioritizing of work load. She also worked as a paralegal and drafted correspondence, prepared pleadings, motions, and discovery requests, and strategized on hearings and cases. She also was primarily responsible for the firm’s accounting. She handled all aspects of bookkeeping including accounts payable, accounts receivable, and payroll. She also handled the firm’s human resources. She oversaw the employees; hired, trained, and fired staff; and assisted staff in their day-to-day duties. She also was responsible for the firm’s administration. She shopped for insurance quotes and prepared insurance applications.
 

 In June 2006, the wife and husband separated. However, the wife continued to work as the husband’s office manager. Nevertheless, their relationship continued to deteriorate. In August 2007, the husband fired the wife. She voluntarily did not seek new employment.
 

 At the time of the final hearing in 2008, the circuit court found that the wife was highly skilled, physically capable, and extremely intelligent. The court observed that the wife’s only “handicap” was her sometimes uncontrollable anger regarding her relationship with her husband, which impaired her judgment. However, the court noted there was no evidence showing that the wife’s anger would interfere with her earning a living.
 

 The circuit court, in its amended final judgment, found credible the husband’s vocational expert who imputed income to the wife “from $50,000 per year working as either a paralegal or administrator
 
 pending her admission to the Florida Bar.”
 
 (emphasis added). The court then stated, “After admission,
 
 it is credible that she could earn more
 
 ...
 
 as an attorney[;]
 
 however [it is] highly unlikely that she could immediately earn $100,000 per year.” (emphasis added).
 

 The court then stated that it would be appropriate to “impute earnings to the wife of $50,000.00 gross per year which is the mid-range paralegal salary which amounts to $4,167.00 gross per month.
 
 The court further finds that this figure is a realistic starting salary for a lawyer who has been out of practice for [sixteen] years.”
 
 (emphasis added).
 

 The court then considered the statutory factors for evaluating an alimony claim, including “the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.” § 61.08(2)(e), Fla. Stat. (2008). The court found that “the wife has been employed throughout the marriage and was a significant employee of the husband’s law practice.
 
 The wife needs no further training or education except Bar refresher course(s) and time to pass the Florida Bar.”
 
 (emphasis added). The court then concluded that “based upon the wife’s ability to earn income as a paralegal or office manager immediately, it is appropriate that the husband pay the wife ... $1,500.00 per month beginning October 1, 2008” as permanent periodic alimony. In addition, the court concluded that “the husband shall pay rehabilitative alimony of $1,500.00 per month beginning on October 15, 2008 and continuing for a period of one year.... This payment to her of $1,500.00 per month
 
 will give the wife time to study for and take the Florida Bar and become admitted to practice law in Florida.”
 
 (emphasis added).
 

 The court then made several conclusions regarding the parties’ respective child support obligations. The court prefaced its
 
 *497
 
 conclusions by stating that they were “[b]ased upon the parties’ respective net incomes, and after consideration of the alimony award.”
 

 In this appeal, the wife argues, among other thing's, that no competent, substantial evidence exists for the court’s factual finding that she could become a member of the Florida Bar and thereby increase the amount of her income over time. She points to the facts that she has not practiced law in nearly twenty years; she failed the Florida Bar exam; and her New York and New Jersey bar licenses lapsed long ago. She also states that she lacks interest in retaking the exam and working as a lawyer. In the answer brief, the husband does not cite to any evidence indicating how the wife could become a member of the Florida Bar and become employed as an attorney other than passing the bar exam itself. However, the husband argues that the wife’s lack of interest in retaking the bar exam and working as a lawyer is legally irrelevant.
 

 We agree with the husband that the wife’s lack of interest in retaking the Florida Bar exam and working as a lawyer is legally irrelevant. “Adopting such a rationale would turn the
 
 need
 
 factor in alimony into a
 
 desire
 
 or
 
 tuant
 
 test. This rationale directly conflicts with the essential purpose of alimony to those who need such support.”
 
 Jaffy v. Jaffy,
 
 965 So.2d 825, 828 (Fla. 4th DCA 2007);
 
 see also Zarycki-Weig v. Weig,
 
 25 So.3d 573, 575 (Fla. 4th DCA 2009) (“A trial court shall impute income to an unemployed parent where such unemployment is voluntary, ‘absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control.’ ”) (quoting § 61.30(2)(b), Fla. Stat. (2008)).
 

 However, we agree with the wife that no competent, substantial evidence exists for the court’s factual finding that she could become a member of the Florida Bar and thereby increase the amount of her income over time.
 
 See Sallaberry v. Sallaberry,
 
 27 So.3d 234, 236 (Fla. 4th DCA 2010) (“The trial court’s imputation of income must be supported by competent, substantial evidence.”). The only evidence which the husband presented to support that factual finding was his vocational expert’s conclusory testimony to that effect. However, we see no support in the record for that testimony, and “[t]here must be some
 
 realistic
 
 basis in the evidence to support the concept that the former spouse can earn the sums imputed.”
 
 Heidisch v. Heidisch,
 
 992 So.2d 835, 837 (Fla. 4th DCA 2008) (emphasis added; citation omitted);
 
 see also Zarycki-Weig,
 
 25 So.3d at 575 (“The spouse claiming that the other spouse is voluntarily unemployed bears the burden of proof.”).
 

 The facts that the wife has a law degree and practiced law for six years do not, by themselves, support the husband’s position. The wife had her law degree and six years of experience in 1992 and yet did not pass the Florida Bar exam. It is unrealistic to assume that, sixteen years removed from that experience, the wife may become qualified to pass the bar exam merely by taking a refresher course.
 
 See Schram v. Schram,
 
 932 So.2d 245, 250 (Fla. 4th DCA 2005) (court’s reliance on fact that husband earned psychology degree thirty years earlier did not support imputation where there was no evidence that he ever worked in that field or was qualified to obtain a position in that field). Also, we do not see how the wife’s experience as a paralegal in the discrete area of family law qualifies her to pass the much more comprehensive Florida Bar exam, much less guarantees her employment if she were to pass the exam.
 
 See Stewart v. Rich,
 
 664 So.2d 1145, 1148 (Fla. 4th DCA 1995) (reversing
 
 *498
 
 imputation of certain income amount to wife, even though she recently had obtained her law degree and law license, where “her accomplishments had not translated into actual employment and income at the time of the final hearing”).
 

 In reaching this holding, however, we are not persuaded by the wife’s argument that we should reject the $50,000 imputed income level altogether and instead find her imputed income level to be $25,000 to $27,000 per year based on what her husband paid her annually as his law office manager. The wife relies upon her testimony that she would not hire herself at the higher salary. She also relies upon
 
 Stein v. Stein,
 
 701 So.2d 381 (Fla. 4th DCA 1997), in which we held that “income may not be imputed at a level which the former spouse has never earned, absent special circumstances.”
 
 Id.
 
 at 381.
 

 We find that, here, there are special circumstances: (1) the husband’s vocational expert identified opportunities in the Boca Raton area for the wife to earn $45,000 to $60,000 per year as a law office manager; (2) the wife’s forensic accountant used that $50,000 amount in her projections because she felt that was a reasonable salary; (3) the wife testified that, with her skills, $40,000 to $45,000 was not an unrealistic amount for her to make on the open market; and (4) during closing argument, the wife stated she did not dispute that she can be an office administrator or paralegal making $45,000 to $50,000. Based on that record, the wife cannot now seek to decrease her imputed income level by wholly relying on the fact that she accepted a below-market salary for several years.
 
 See Chipman v. Chipman,
 
 975 So.2d 603, 608 (Fla. 4th DCA 2008) (when imputing income, the circuit court takes into consideration “recent work history, ... occupational qualifications, and
 
 the prevailing earnings in the community for that class of available jobs”)
 
 (emphasis added);
 
 Schlagel v. Schlagel,
 
 973 So.2d 672, 675-76 (Fla. 2d DCA 2008) (vocational expert’s report contained competent, substantial evidence that employment as a legal assistant, legal recruiter, and paralegal was available in the local market for the former wife who had her law degree but unsuccessfully attempted the Florida Bar exam four times and gave up on the idea of being a lawyer).
 

 Because the circuit court applied its factual finding regarding the wife’s alleged ability to become a member of the Florida Bar to its legal conclusions regarding the amounts of alimony and child support to which the wife was entitled, we reverse the amended final judgment as to those amounts. On remand, the court shall determine appropriate alimony and child support amounts without considering the possibility that the wife may become a member of the Florida Bar. Those amounts also may include, but are not required to include, retroactive awards which the court did not include in the amended final judgment. The court shall determine those amounts based on the evidence already in the record and shall have the discretion to consider new evidence if the court so chooses.
 

 On all other arguments which the wife raises, we affirm without further comment.
 

 Affirmed in part, reversed in part, and remanded.
 

 STEVENSON and HAZOURI, JJ., concur.