DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VLADIMIR MASNEV,**
Appellant,

v.

**ANNA MASNEV,**
Appellee.

No. 4D17-1238

[August 15, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Lopane, Judge; L.T. Case No. FMCE13-007229.

Gregory F. Betancourt of Gregory F. Betancourt, P.A., Miami Lakes, for appellant.

William L. Gardiner, III of The W. L. Gardiner Law Firm, PLLC, Fort Lauderdale, for appellee.

GERBER, C.J.

The former husband appeals from the trial court's final judgment of dissolution of marriage, which determined equitable distribution, child support, and alimony. The former husband raises several arguments of error, but we conclude only two have merit, as we discuss in turn below.

First, we reverse the trial court's lump sum child support award to the former wife, because no statutory or precedential authority allows for such a lump sum child support award. If the Florida Legislature intended to permit a lump sum child support award, then perhaps the Legislature would have included such a provision within the child support provisions of section 61.30, Florida Statutes (2016), as it did within the alimony provisions of section 61.08(1), Florida Statutes (2016): "In any award of alimony, the court may order periodic payments or payments in lump sum or both." On remand, as the former husband concedes, instead of a lump sum child support award, the trial court may consider sequestering the former husband's assets to provide security for the child support award. *See Frank v. Frank*, 587 So. 2d 668, 668 (Fla. 4th DCA 1991) ("[T]he trial judge should have considered the sequestration and application of

appellant's interest in the former marital home to discharge the support obligation arrearages . . . ."); *Cole v. Cole*, 723 So. 2d 925, 927 (Fla. 3d DCA 1999) (trial court did not abuse its discretion "in sequestering all of the former husband's share of the marital assets in a trust fund for future child support, given the former husband's current incarceration and precarious immigration status in this country").

Second, we reverse the trial court's gross monthly income calculation, because the trial court did not consider the in kind contribution for health insurance which the former wife received from her business, and did not include the former wife's rental income. According to section 61.30(2)(a)13., Florida Statutes (2016), "[g]ross income shall include . . . [r]eimbursed expenses or in kind payment to the extent that they reduce living expenses." Here, the former wife testified that her business paid $300 a month for her health insurance, and $400 a month for the children's health insurance. However, the trial court did not reduce the former wife's living expenses by those amounts. Further, in the final judgment, the trial court found the former wife's gross monthly income was $4,725, which included the former wife's $4,500 salary from her business and $225 in rental income. However, in the child support guideline worksheet, the trial court noted the former wife's gross monthly income was $4,500. Thus, it appears the trial court erred in calculating the former wife's gross monthly income by not including her rental income. We remand for a proper calculation.

*Reversed and remanded for further proceedings consistent with this opinion.*

CIKLIN, J., concurs.
MAY, J., concurs in part and dissents in part with an opinion.

MAY, J., concurring in part and dissenting in part.

I concur with the majority's opinion as far as it goes, but would also reverse the judgment on the court's imputed income to the former husband. That imputation is not supported by competent, substantial evidence. *See Brown v. Cannady-Brown*, 954 So. 2d 1206, 1207 (Fla. 4th DCA 2007). The trial court appears to have solely relied on the former husband's historical earnings, which fails to reflect the former husband's present ability to pay. *See Sallaberry v. Sallaberry*, 27 So. 3d 234, 236 (Fla. 4th DCA 2010); *Chipman v. Chipman*, 975 So. 2d 603, 609 (Fla. 4th DCA 2008).

I would therefore direct the trial court to recalculate the former

husband's income by considering his "employment potential and probable earnings based on work history, qualifications, and prevailing wages in the community." *Zarycki–Weig v. Weig*, 25 So. 3d 573, 575 (Fla. 4th DCA 2009). Because the alimony and child support awards are directly based on the imputed income determination, the trial court would necessarily have to revisit those awards too. *See Rabbath v. Farid*, 4 So. 3d 778, 784 (Fla. 1st DCA 2009).

*        *        *

**Not final until disposition of timely filed motion for rehearing.**