# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2021.

_____

No. 3D20-949
Lower Tribunal Nos. CSP-2001508670, DOAH-20-001420-CS, Depository
no. 44190001057FR

_____

**Oscar Mantilla,**
Appellant,

vs.

**State of Florida, Department of Revenue, Child Support Program, et al.,**
Appellees.


An Appeal from the State of Florida, Department of Revenue, Child Support Program.

Abramowitz & Associates, and Evan L. Abramowitz, for appellant.

Ashley Moody, Attorney General, and Toni C. Bernstein (Tallahassee), Senior Assistant Attorney General, for appellee Florida Department of Revenue.


Before EMAS, C.J., and SCALES and LOBREE, JJ.

PER CURIAM.

## ON CONFESSION OF ERROR

Appellant Oscar Mantilla appeals from a final administrative support order and income deduction order issued by an administrative law judge in State of Florida's Division of Administrative Hearings.

On appeal, Mantilla contends that, in calculating the child support obligation, the administrative law judge abused his discretion in imputing income to Mantilla without any substantial competent evidence to support such an imputation.

Appellee, Department of Revenue, properly and commendably concedes error and, upon our own review of the record, we agree that the imputation of income is unsupported by competent substantial evidence. See Waldera v. Waldera, 45 Fla. L. Weekly D1838, 2020 WL 4495317 at *2 (Fla. 3d DCA Aug. 5, 2020) (stating: "A trial court's determination of a party's income for purposes of establishing support obligations must be supported by competent substantial evidence." (quoting Sallaberry v. Sallaberry, 27 So. 3d 234, 236 (Fla. 4th DCA 2010)). See also Ramsey v. Ramsey, 431 So. 2d 258, 259 (Fla. 2d DCA 1983) (observing: "Judgments providing for automatic changes in alimony and support payments upon future occurrences have usually been disapproved because of the lack of an evidentiary basis for the determination of future events. It follows that a dissolution judgment which

2

purports to consider future events as a basis for establishing current alimony and child support must suffer a similar fate") (citing <u>Kangas v. Kangas</u>, 420 So. 2d 115 (Fla. 2d DCA 1982); <u>Garrison v. Garrison</u>, 380 So. 2d 473 (Fla. 4th DCA 1980); <u>Stoler v. Stoler</u>, 376 So. 2d 253 (Fla. 3d DCA 1979)).

We therefore reverse the orders on review and remand the cause for further proceedings consistent with this opinion.